# THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT COURT

---

## CA. NO. 17-1329

---

### RICHARD KATZ
*Plaintiff/Appellant*

v.

### THE NATIONAL BOARD OF MEDICAL EXAMINERS

and

### THE FEDERATION OF STATE MEDICAL BOARDS
*Defendants/Appellees*

---

## SUPPLEMENTAL APPENDIX
## VOLUME I OF II

---

Appeal from the February 7, 2017, Order of the Honorable Robert D. Mariani of the United States District Court for the Middle District of Pennsylvania, Case No. 3-15-cv-01187, adopting in part and modifying in part the Report and Recommendation of United States Magistrate Judge Joseph F. Saporito, Jr., dismissing two of Appellant's claims as frivolous, and granting summary judgment in favor of Appellees on all remaining claims.

---

NEIL J. HAMBURG
MICHAEL E. SACKS
ID Nos. 32175 and 39974
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590
Counsel for Appellees
National Board of Medical Examiners and
The Federation of State Medical Boards

# TABLE OF CONTENTS

**VOLUME I**                                                    **PAGE**

Docket Entries                                                  S.A. 1
(U.S.D.C. for M.D.Pa., 3:15-cv-01187-RDM)

November 30, 2016, Report and Recommendation of U.S.M.J.        S.A. 18
Joseph F. Saporito, Jr.

February 7, 2017, Order and Opinion of The Honorable Robert     S.A. 40
D. Mariani, adopting U.S.M.J. Joseph F. Saporito, Jr.'s Report
and Recommendations

April 18, 2017, Order of the Court of Appeals                   S.A. 43

NBME and FSMB's Amended Statement of Undisputed Facts           S.A. 44

NBME and FSMB's Exhibits to their Amended Motion for
Summary judgment

    Defendants' Exhibit 1, Applicant's Request for Test          S.A. 55
    Accommodations (Step 2 CK)

    Defendants' Exhibit 2, Applicant's Request for Test          S.A. 60
    Accommodations (Step 2 CS)

    Defendants' Exhibit 4, July 7, 2005, letter from M.          S.A. 66
    Fuentes to R. Katz

    Defendants' Exhibit 7, NBME telephone contact memos          S.A. 68
    2005, 2006

    Defendants' Exhibit 10, March 7, 2006, decision forms        S.A. 94
    regarding accommodations requested

    Defendants' Exhibit 11, USMLE announcements re Six           S.A. 97
    Attempt Limit

    Defendants' Exhibit 12, 2013-2014 contacts and emails        S.A. 101

Defendants' Exhibit 14, April 2014 emails between R. Katz and NBME — S.A. 105

Defendants' Exhibit 15, June 2015 email from R. Katz to Mr. Rish at Pa. Board of Medicine — S.A. 109

Defendants' Exhibit 16, April 3, 2015, letter from T. Lazo, Counsel for Pa. Board of Medicine, to R. Katz — S.A. 115

Defendants' Exhibit 17, USMLE Candidate Score Inquiry List re R. Katz — S.A. 117

Defendants' Exhibit 18, Plaintiff's (proposed) Second Amended Complaint, with attachments — S.A. 123

Defendants' Exhibit 19, Plaintiff's Amended Complaint — S.A. 165

Defendants' Exhibit 20, Minutes of the May 19, 2015, meeting of the Pennsylvania Medical Board — S.A. 174

Defendants' Exhibit 21, Affidavit of Catherine Farmer, Psy.D. — S.A. 182

Defendants' Exhibit 22, Affidavit of Gerard F. Dillon, Ph.D. — S.A. 196

Defendants' Exhibit 23, Deposition of Richard Katz, February 9, 2016 — S.A. 209

Defendants' Exhibit 24, Records of St. Matthew's School of Medicine (partial) — S.A. 277

Defendants' Exhibit 25, Records of St. Christopher's School of Medicine (partial) — S.A. 282

Defendants' Exhibit 26, Records of the Education Commission for Foreign Medical Graduates (ECFMG) (partial) — S.A. 285

Defendants' Exhibit 27, Second Amended Complaint — S.A. 287

APPEAL,CLOSED,PROSEREF,SCR,SPADFORM,WVSENT

# United States District Court
## Middle District of Pennsylvania (Scranton)
## CIVIL DOCKET FOR CASE #: 3:15-cv-01187-RDM

Katz v. National Board of Medical Examiners et al
Assigned to: Honorable Robert D. Mariani
Case in other court: Third Circuit, 17-01329
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 06/17/2015
Date Terminated: 02/07/2017
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**
**Richard Katz**

represented by **Richard Katz**
3364 Parker Lane
East Stroudsburg, PA 18301
570-517-9314
Email: cat2400@msn.com
PRO SE

V.

**Defendant**
**National Board of Medical
Examiners**

represented by **Michael E. Sacks**
Hamburg & Golden, P.C.
1601 Market Street
Suite 3310
Philadelphia, PA 19103
215-255-8590
Fax: 12152558583
Email: sacksme@hamburg-golden.com
*ATTORNEY TO BE NOTICED*

**Neil J. Hamburg**
Hamburg & Golden, P.C.
1601 Market St.
Suite 3310
Philadelphia, PA 19103-1443
215-255-8592
Fax: 12152558583
Email: hamburgnj@hamburg-golden.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| | United States Medical Licensing Exam (USMLE) Organization *TERMINATED: 08/13/2015* | represented by | Michael E. Sacks (See above for address) *ATTORNEY TO BE NOTICED* |
| | | | Neil J. Hamburg (See above for address) *ATTORNEY TO BE NOTICED* |

**Defendant**

| **Federation of State Medical Boards** | represented by | Michael E. Sacks (See above for address) *ATTORNEY TO BE NOTICED* |
| | | Neil J. Hamburg (See above for address) *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/17/2015 | 1 | COMPLAINT against National Board of Medical Examiners, United States Medical Licensing Exam (USMLE) Organization, filed by Richard Katz. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Exhibit(s) 6, # 7 Exhibit(s) 7)(bg) (Entered: 06/17/2015) |
| 06/17/2015 | 2 | MOTION to Appoint Counsel by Richard Katz.(bg) (Entered: 06/17/2015) |
| 06/17/2015 | 3 | MOTION for Leave to Proceed in forma pauperis by Richard Katz. (Attachments: # 1 Proposed Order)(bg) (Entered: 06/17/2015) |
| 06/17/2015 | 4 | PRO SE LETTER ISSUED w/ 285 Packet & Notice & Consent Form. (Attachments: # 1 285 packet, # 2 Notice and Consent) (bg) (Entered: 06/17/2015) |
| 06/17/2015 | 5 | STANDING PRACTICE ORDER ISSUED (bg) (Entered: 06/17/2015) |
| 06/24/2015 | 6 | U.S. MARSHAL - 285, AO 398 and AO 399 Service Forms (bg) (Entered: 06/24/2015) |
| 06/24/2015 | 7 | Documents Filed by Richard Katz. (bg) (Entered: 06/24/2015) |
| 06/25/2015 | 8 | U.S. MARSHAL - 285, AO 398 and AO 399 Service Forms (bg) (Entered: 06/25/2015) |
| 06/29/2015 | 9 | ORDER DIRECTING THE CLERK'S OFFICE TO SEND AO 398 AND 399 WAIVERS FORMS to defendants. ; granting 3 Motion for Leave to Proceed in forma pauperisSigned by Magistrate Judge Joseph F. Saporito, Jr on 6/29/15. (ms) (Entered: 06/29/2015) |

S.A. 2

| 06/30/2015 | <u>10</u> | Waiver of Service forms (AO 398 and 399)along with Complaint (Doc. 1) and Order (Doc. 9) Mailed to National Board of Medical Examiners, United States Medical Licensing Exam (USMLE) Organization Waiver of Service due by 8/3/2015. (Attachments: # <u>1</u> waivers, # <u>2</u> addresses)(rp) (Entered: 06/30/2015) |
| --- | --- | --- |
| 07/13/2015 | <u>11</u> | EXHIBIT by Richard Katz re <u>1</u> Complaint,. (Katz, Richard) (Entered: 07/13/2015) |
| 07/17/2015 | <u>12</u> | NOTICE of Appearance by Neil J. Hamburg on behalf of National Board of Medical Examiners (Hamburg, Neil) (Entered: 07/17/2015) |
| 07/17/2015 | <u>13</u> | NOTICE of Appearance by Neil J. Hamburg on behalf of United States Medical Licensing Exam (USMLE) Organization (Hamburg, Neil) (Entered: 07/17/2015) |
| 07/19/2015 | <u>14</u> | EXHIBIT by Richard Katz re <u>1</u> Complaint,. (Katz, Richard) (Entered: 07/19/2015) |
| 07/27/2015 | <u>15</u> | WAIVER OF SERVICE Returned re National Board of Medical Examiners waiver sent on 6/30/2015, answer due 8/31/2015. (bg) (Entered: 07/27/2015) |
| 07/27/2015 | <u>16</u> | WAIVER OF SERVICE Returned re United States Medical Licensing Exam (USMLE) Organization waiver sent on 6/30/2015, answer due 8/31/2015. (bg) (Entered: 07/27/2015) |
| 08/03/2015 | <u>17</u> | MOTION to Amend/Correct <u>1</u> Complaint, by Richard Katz.(Katz, Richard) (Entered: 08/03/2015) |
| 08/03/2015 | <u>18</u> | EXHIBIT *Federation of State Medical Boards The University of Texas Health Science Center at San Antonio* by Richard Katz re <u>17</u> MOTION to Amend/Correct <u>1</u> Complaint, . (Katz, Richard) (Entered: 08/03/2015) |
| 08/05/2015 | <u>19</u> | MOTION to Seal or otherwise limit inspection of a case record by Richard Katz. Brief in Support due by 8/19/2015 (bg) (Entered: 08/05/2015) |
| 08/12/2015 | <u>20</u> | ORDER finding as moot <u>17</u> Motion to Amend/Correct. See order for complete details. Signed by Magistrate Judge Joseph F. Saporito, Jr on 8/12/15 (ms) (Entered: 08/12/2015) |
| 08/12/2015 | <u>21</u> | NOTICE of Appearance by Michael E. Sacks on behalf of National Board of Medical Examiners (Sacks, Michael) (Entered: 08/12/2015) |
| 08/12/2015 | <u>22</u> | NOTICE of Appearance by Michael E. Sacks on behalf of United States Medical Licensing Exam (USMLE) Organization (Sacks, Michael) (Entered: 08/12/2015) |
| 08/12/2015 | <u>23</u> | AMENDED COMPLAINT re: Doc. 1, Doc. 18, by Richard Katz.(Katz, Richard) Modified on 8/13/2015 (ms). (Entered: 08/12/2015) |
| 08/13/2015 | | SPECIAL ADMISSION FORM emailed to Attorney Michael Sacks (lg) (Entered: 08/13/2015) |

| 08/13/2015 | 24 | Waiver of Service forms (AO 398 and 399) along with Amended Complaint (Doc. 23) Order (Doc. 9) and Notice, Consent and Reference of a Civil Action to a Magistrate Judge Mailed to Federation of State Medical Boards Waiver of Service due by 9/17/2015. (Attachments: # 1 waiver, # 2 address)(rp) (Entered: 08/13/2015) |
| --- | --- | --- |
| 08/13/2015 | 25 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Michael E. Sacks on behalf of National Board of Medical Examiners Attorney Michael Sacks is seeking special admission. Filing fee $ 50, receipt number 0314-3514442.. (Sacks, Michael) (Entered: 08/13/2015) |
| 08/14/2015 | 26 | ORDER DIRECTING THE CLERK'S OFFICE TO SEND AO 398 AND 399 WAIVERS FORMS to defendants as to Doc. 23 Amended COmplaint. Signed by Magistrate Judge Joseph F. Saporito, Jr on 8/14/15. (ms) (Entered: 08/14/2015) |
| 08/14/2015 | 27 | Waiver of Service forms (AO 398 and 399) along with Amended Complaint (Doc. 23) Order (Doc. 26) and Notice, Consent and Reference of a Civil Action to a Magistrate Judge Mailed to National Board of Medical Examiners Waiver of Service due by 9/17/2015. (Attachments: # 1 waiver)(rp) (Entered: 08/14/2015) |
| 08/17/2015 | 28 | MOTION to Seal by Richard Katz.(ep) (Entered: 08/17/2015) |
| 08/17/2015 | 29 | BRIEF IN SUPPORT re 28 MOTION to Seal filed by Richard Katz.(ep) (Entered: 08/17/2015) |
| 08/19/2015 |  | Status of Attys Michael E. Sacks and Neil J. Hamburg verified for 25 petition for pro hoc vice admission; (ep) (Entered: 08/19/2015) |
| 08/19/2015 | 30 | SPECIAL ADMISSIONS FORM APPROVED as to Michael E. Sacks. Signed by Magistrate Judge Joseph F. Saporito, Jr on 8/19/15. (ms) (Entered: 08/19/2015) |
| 08/27/2015 | 31 | NOTICE of Appearance by Neil J. Hamburg on behalf of Federation of State Medical Boards (Hamburg, Neil) (Entered: 08/27/2015) |
| 08/27/2015 | 32 | NOTICE of Appearance by Michael E. Sacks on behalf of Federation of State Medical Boards (Sacks, Michael) (Entered: 08/27/2015) |
| 08/28/2015 | 33 | *Affirmative Defenses and* ANSWER to 1 Complaint, 23 Amended Complaint, by Federation of State Medical Boards, National Board of Medical Examiners. (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s))(Sacks, Michael) Modified on 8/31/2015 (ms). (Entered: 08/28/2015) |
| 09/01/2015 | 34 | SCHEDULING ORDER: Telephonic Case Management Conference set for 9/14/2015 10:30 AM before Magistrate Judge Joseph F. Saporito Jr. Conference to be initiated by the Court. Proposed schedulig order to be provided to the Court 3 business days prior to conference. See Order for complete details.Signed by Magistrate Judge Joseph F. Saporito, Jr on 9/1/15. (ms) (Entered: 09/01/2015) |

| | | |
|---|---|---|
| 09/01/2015 | 35 | ORDER DEEMING WITHDRAWN 19 Sealed Motion for failure to file support brief. Signed by Magistrate Judge Joseph F. Saporito, Jr on 9/1/15 (ms) (Entered: 09/01/2015) |
| 09/02/2015 | 36 | DOCUMENT SEALED -re: dft's answer to amended complaint (Attachments: # 1 Exhibit(s), # 2 Exhibit(s)) (cl) (Entered: 09/02/2015) |
| 09/03/2015 | 37 | ORDER denying 28 Motion to Seal the entire record of this case without prejudice to the filing of a future motion to seal any particular document or documents. Signed by Magistrate Judge Joseph F. Saporito, Jr on 9/3/15 (ms) (Entered: 09/03/2015) |
| 09/03/2015 | 38 | ORDER : Doc. 36 exhibits and attachments shall be FILED UNDER SEAL. Signed by Magistrate Judge Joseph F. Saporito, Jr on 9/3/15. (ms) (Entered: 09/03/2015) |
| 09/08/2015 | 39 | RESPONSE by Richard Katz to 33 Answer to Complaint, . (Katz, Richard) (Entered: 09/08/2015) |
| 09/09/2015 | 40 | SCHEDULING ORDER: Telephonic Case Management Conference set for 9/14/15 is RESCHEDULED TO 9/16/2015 10:00 AM before Magistrate Judge Joseph F. Saporito Jr. Conference to be initiated by the Court.Signed by Magistrate Judge Joseph F. Saporito, Jr on 9/9/15. (ms) (Entered: 09/09/2015) |
| 09/11/2015 | 41 | CASE MANAGEMENT PLAN *(Joint)* by Federation of State Medical Boards, National Board of Medical Examiners. (Sacks, Michael) (Entered: 09/11/2015) |
| 09/12/2015 | 42 | CASE MANAGEMENT PLAN *Addendum* by Richard Katz. (Katz, Richard) (Entered: 09/12/2015) |
| 09/16/2015 | 43 | ORDER denying 2 Motion to Appoint Counsel without prejudice to the filing of a subsequent motion to appoint counsel after the plaintiff has undertaken a more diligent effort to obtain counsel on his own. Signed by Magistrate Judge Joseph F. Saporito, Jr on 9/16/15 (ms) (Entered: 09/16/2015) |
| 09/16/2015 | 45 | SCHEDULING ORDER: Amended Pleadings due by 10/15/2015. Discovery due by 2/15/2016. Plaintiffs retained expert reports due 1/15/16. Defendants retained experts due 2/15/16. Supplementations due 3/1/16. Joinder of Parties due by 10/15/2016. Motions due by 4/1/2016.Signed by Magistrate Judge Joseph F. Saporito, Jr on 9/16/15. (ms) (Entered: 09/16/2015) |
| 09/18/2015 | 47 | MOTION for Reconsideration re 37 Order on Doc. 28 Motion to Seal by Richard Katz.(ms) (Entered: 09/18/2015) |
| 09/18/2015 | 48 | CERTIFICATE OF SERVICE by Richard Katz re 39 Response (ms) (Entered: 09/18/2015) |
| 09/18/2015 | 50 | MOTION to File Document Under Seal 49 DOCUMENT(S) PENDING SEALING DECISION by Richard Katz.(ms) (Entered: 09/18/2015) |
| 09/21/2015 | 51 | Letter from Richard Katz dated 9/15/15 re: proof of service to Defendants for PLAINTIFF'S REPLY BRIEF IN SUPPORT OF RECONSIDERATION OF |

| | | MOTION TO SEAL and plaintiff's medical records. (lh) (Entered: 09/21/2015) |
|---|---|---|
| 10/01/2015 | 52 | Second MOTION to Amend/Correct 1 Complaint, by Richard Katz. (Attachments: # 1 Exhibit(s) Doane LinkedIn Profile)(Katz, Richard) (Entered: 10/01/2015) |
| 10/09/2015 | 53 | Letter from Richard Katz dated 10/6/15 informing the court that (Doc. 52) Second Motion to Amend Complaint was sent to Hamberg & Golden, P.C. via certified mail (postmarked 10/6/15). (lh) (Entered: 10/09/2015) |
| 10/10/2015 | 54 | Supplement by Richard Katz. to 52 Second MOTION to Amend/Correct 1 Complaint, . (Katz, Richard) (Entered: 10/10/2015) |
| 10/12/2015 | 55 | Supplement by Richard Katz. to 52 Second MOTION to Amend/Correct 1 Complaint, . (Katz, Richard) (Entered: 10/12/2015) |
| 10/12/2015 | 56 | EXHIBIT by Richard Katz re 52 Second MOTION to Amend/Correct 1 Complaint, . (Katz, Richard) (Entered: 10/12/2015) |
| 10/16/2015 | 57 | Letter from Richard Katz dated 10/14/15 informing the court that (Doc. 54, 55 and 56) was sent to Michael Sacks, Hamberg & Golden, P.C. via certified mail (postmarked 10/14/15). (lh) (Entered: 10/16/2015) |
| 10/30/2015 | 58 | ORDER 1) Defendants are directed to file either a certificate of concurrence or a brief in opposition to plaintiff's motion for reconsideration (Doc. 47) and plaintiff's motion to file document under seal (Doc. 50) within 14 days from the date of this order. (2) Plaintiff is directed to file his proposed second amended complaint and supporting brief to his Doc. 52 second motion to amend/correct complaint within 21 days from the date of this order.Signed by Magistrate Judge Joseph F. Saporito, Jr on 10/30/15. (ms) (Entered: 10/30/2015) |
| 11/04/2015 | 59 | CERTIFICATE of Concurrence by Federation of State Medical Boards, National Board of Medical Examiners re 50 MOTION to File Document Under Seal 49 DOCUMENT(S) PENDING SEALING DECISION, 47 MOTION for Reconsideration re 37 Order on Motion to Seal . (Sacks, Michael) (Entered: 11/04/2015) |
| 11/17/2015 | 60 | MOTION to Seal by Richard Katz.(lh) (Entered: 11/17/2015) |
| 11/17/2015 | 62 | MOTION for Leave to File an Second Amended by Richard Katz.(lh) (Entered: 11/17/2015) |
| 11/17/2015 | 63 | PROPOSED DOCUMENT re: Second Amended Complaint (lh) (Entered: 11/17/2015) |
| 11/24/2015 | 64 | BRIEF IN OPPOSITION re 62 MOTION for Leave to File filed by Federation of State Medical Boards, National Board of Medical Examiners.(Sacks, Michael) (Entered: 11/24/2015) |
| 11/25/2015 | 65 | REPLY BRIEF re 62 MOTION for Leave to File *Second Amended Complaint* filed by Richard Katz.(Katz, Richard) (Entered: 11/25/2015) |

| 12/01/2015 | 66 | Second MOTION to Appoint Counsel by Richard Katz.(Katz, Richard) (Entered: 12/01/2015) |
| 12/01/2015 | 67 | MOTION for Hearing re 66 Second MOTION to Appoint Counsel by Richard Katz.(Katz, Richard) (Entered: 12/01/2015) |
| 12/22/2015 | 68 | INTERROGATORIES by Richard Katz.(Katz, Richard) (Entered: 12/22/2015) |
| 12/24/2015 | 69 | EXHIBIT by Richard Katz. (Katz, Richard) (Entered: 12/24/2015) |
| 01/07/2016 | 70 | DOCUMENT SEALED - Exhibit 9 to Doc. 63, referenced at p. 11 of Doc. 63, consisting of medical records of plaintiff Richard Katz, not previously attached to the Doc. 63 proposed amended complaint. (ms) (Entered: 01/07/2016) |
| 01/08/2016 | 71 | MOTION for Bill of Costs by Richard Katz. (Attachments: # 1 Memo)(Katz, Richard) (Entered: 01/08/2016) |
| 01/12/2016 | 72 | First MOTION for Extension of Time to Modification in Scheduling Order by Richard Katz.(Katz, Richard) (Entered: 01/12/2016) |
| 01/13/2016 | 73 | ATTACHMENT(S) *Expert Witness Fees* by Richard Katz re 71 MOTION for Bill of Costs , filed by Richard Katz. Related document: 71 MOTION for Bill of Costs filed by Richard Katz.(Katz, Richard) (Entered: 01/13/2016) |
| 01/19/2016 | 74 | OBJECTIONS by Richard Katz. *To Defendants Proposed Subpoenas.* (Katz, Richard) (Entered: 01/19/2016) |
| 01/21/2016 | 75 | ATTACHMENT(S) *Local Rule LR 5.2* by Richard Katz re 74 Objections, filed by Richard Katz. Related document: 74 Objections filed by Richard Katz. (Attachments: # 1 Supplement)(Katz, Richard) (Entered: 01/21/2016) |
| 01/26/2016 | 77 | Addendum by Richard Katz. 74 Objections . (Katz, Richard) (Entered: 01/26/2016) |
| 01/27/2016 | 78 | First MOTION for Discovery *SUBPOENA DUCES TECUM* by Richard Katz. (Attachments: # 1 Subpoena, # 2 Subpoena, # 3 Subpoena, # 4 Subpoena, # 5 Subpoena)(Katz, Richard) (Entered: 01/27/2016) |
| 01/28/2016 | 79 | MOTION for Discovery *to Overrule Plaintiff's Objections to Defendants' Proposed Subpoenas, to Require Plaintiff to Sign Authorizations, and for a Protective Order regarding Plaintiff's Requst for Personnel Files of Defendant NBME's Employees* by Federation of State Medical Boards, National Board of Medical Examiners. (Attachments: # 1 Proposed Order, # 2 Memo, # 3 Certificate of Nonconcurrence, # 4 Certificate re LR 26.3, # 5 Exhibit(s), # 6 Exhibit(s), # 7 Exhibit(s), # 8 Exhibit(s), # 9 Exhibit(s), # 10 Exhibit(s), # 11 Exhibit(s))(Sacks, Michael) (Entered: 01/28/2016) |
| 01/28/2016 | 80 | First MOTION for Protective Order by Richard Katz.(Katz, Richard) (Entered: 01/28/2016) |
| 01/29/2016 | 81 | BRIEF IN OPPOSITION re 80 First MOTION for Protective Order filed by Federation of State Medical Boards, National Board of Medical Examiners. (Attachments: # 1 Exhibit(s))(Sacks, Michael) (Entered: 01/29/2016) |

S.A. 7

| 01/29/2016 | 82 | ORDER granting 60 Motion to Seal. Clerk of Court is directed to file plaintiff's Doc. 61 submission under seal. Signed by Magistrate Judge Joseph F. Saporito, Jr on 1/29/16 (ms) (Entered: 01/29/2016) |
|---|---|---|
| 01/29/2016 | 83 | ORDER granting 50 Motion to Seal Document 49 DOCUMENT(S) PENDING SEALING DECISION Signed by Magistrate Judge Joseph F. Saporito, Jr on 1/29/16 (ms) (Entered: 01/29/2016) |
| 01/29/2016 | 84 | ORDER denying 47 Motion for Reconsideration Signed by Magistrate Judge Joseph F. Saporito, Jr on 1/29/16 (ms) (Entered: 01/29/2016) |
| 01/29/2016 | 85 | ORDER granting 72 Motion to Extend Case Management Deadlines. Discovery due by 3/15/2016. Plaintiff expert reports due 2/15/16; defendant expert reports due 3/15/16; supplementations due 4/1/16. Motions due by 5/1/2016. Signed by Magistrate Judge Joseph F. Saporito, Jr on 1/29/16 (ms) Modified on 2/1/2016 (ms). (Entered: 01/29/2016) |
| 01/30/2016 | 86 | BRIEF IN OPPOSITION re 79 MOTION for Discovery *to Overrule Plaintiff's Objections to Defendants' Proposed Subpoenas, to Require Plaintiff to Sign Authorizations, and for a Protective Order regarding Plaintiff's Requst for Personnel Files of Defendant NBME filed by Richard Katz.(Katz, Richard) (Entered: 01/30/2016)* |
| 02/03/2016 | 87 | Supplement by Richard Katz. to 86 Brief in Opposition, . (Katz, Richard) (Entered: 02/03/2016) |
| 03/06/2016 | 90 | OBJECTIONS by Richard Katz. *Defendants' Second Set of Subpoenas.* (Katz, Richard) (Entered: 03/06/2016) |
| 03/15/2016 | 91 | First MOTION to Compel Discovery *Supplemental Interrogatories Number One* by Richard Katz.(Katz, Richard) (Entered: 03/15/2016) |
| 03/17/2016 | 92 | Supplement by Richard Katz. to 91 First MOTION to Compel Discovery *Supplemental Interrogatories Number One FOIA Justification/Application.* (Katz, Richard) (Entered: 03/17/2016) |
| 03/21/2016 | 93 | Supplement by Richard Katz. to 92 Supplement, 91 First MOTION to Compel Discovery *Supplemental Interrogatories Number One Kempen_Amir_Katz.* (Katz, Richard) (Entered: 03/21/2016) |
| 03/22/2016 | 94 | Second MOTION for Extension of Time to Complete Discovery *Expert Reports* by Richard Katz.(Katz, Richard) (Entered: 03/22/2016) |
| 03/23/2016 | 95 | ORDER granting 94 Motion for Extension of expert report supplementations deadline. Supplementations to expert reports due 30 days after Court disposes of plaintiff's Doc. 71 motion for bill of costs. Signed by Magistrate Judge Joseph F. Saporito, Jr on 3/23/16 (ms) (Entered: 03/23/2016) |
| 03/28/2016 | 96 | BRIEF IN OPPOSITION re 91 First MOTION to Compel Discovery *Supplemental Interrogatories Number One* filed by Federation of State Medical Boards, National Board of Medical Examiners. (Attachments: # 1 Exhibit(s), # 2 Exhibit(s))(Sacks, Michael) (Entered: 03/28/2016) |

| 03/30/2016 | 97 | REPLY BRIEF re 91 First MOTION to Compel Discovery *Supplemental Interrogatories Number One PLAINTIFF'S RESPONSE to DEFENDANTS* filed by Richard Katz.(Katz, Richard) (Entered: 03/30/2016) |
|---|---|---|
| 04/11/2016 | 98 | First MOTION to Compel Discovery *Request for Admissions* by Richard Katz. (Attachments: # 1 Exhibit(s) Plaintiff RFA, # 2 Exhibit(s) Defendants Response RFA)(Katz, Richard) (Entered: 04/11/2016) |
| 04/20/2016 | 99 | Second MOTION to Compel Discovery *Supplemental Interrogatories TWO* by Richard Katz. (Attachments: # 1 Exhibit(s), # 2 Exhibit(s))(Katz, Richard) (Entered: 04/20/2016) |
| 04/25/2016 | 100 | BRIEF IN OPPOSITION re 98 First MOTION to Compel Discovery *Request for Admissions* filed by Federation of State Medical Boards, National Board of Medical Examiners.(Sacks, Michael) (Entered: 04/25/2016) |
| 04/27/2016 | 101 | MOTION to Exceed Page Limitation by Federation of State Medical Boards, National Board of Medical Examiners.(Sacks, Michael) (Entered: 04/27/2016) |
| 04/27/2016 | 102 | BRIEF IN OPPOSITION re 101 MOTION to Exceed Page Limitation filed by Richard Katz.(Katz, Richard) (Entered: 04/27/2016) |
| 04/28/2016 | 103 | ORDER granting 101 Motion for Leave to File Excess Pages Signed by Magistrate Judge Joseph F. Saporito, Jr on 4/28/16 (ms) (Entered: 04/28/2016) |
| 04/29/2016 | 104 | ORDER finding as moot 52 Motion to Amend/Correct Signed by Magistrate Judge Joseph F. Saporito, Jr on 4/29/16 (ms) (Entered: 04/29/2016) |
| 05/02/2016 | 105 | MOTION for Summary Judgment by Federation of State Medical Boards, National Board of Medical Examiners. (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s), # 6 Exhibit(s), # 7 Exhibit(s), # 8 Exhibit(s), # 9 Exhibit(s), # 10 Exhibit(s), # 11 Exhibit(s), # 12 Exhibit(s), # 13 Exhibit(s), # 14 Exhibit(s), # 15 Exhibit(s), # 16 Exhibit(s), # 17 Exhibit(s), # 18 Exhibit(s), # 19 Exhibit(s), # 20 Exhibit(s), # 21 Exhibit(s), # 22 Exhibit(s), # 23 Exhibit(s))(Sacks, Michael) (Entered: 05/02/2016) |
| 05/03/2016 | 106 | ORDER granting 62 Motion for Leave to File second amended complaint. Clerk shall file the proposed document (Doc. 63) as the second amended complaint in this action; Defendants shall respond to the second amended complaint as provided by Fed.R.Civ. P. 15(a)(3). Signed by Magistrate Judge Joseph F. Saporito, Jr on 5/3/16 (ms) (Entered: 05/03/2016) |
| 05/03/2016 | 107 | SECOND AMENDED COMPLAINT against Federation of State Medical Boards, National Board of Medical Examiners, filed by Richard Katz.(ms) (Entered: 05/03/2016) |
| 05/03/2016 | 108 | MOTION to File Document Under Seal by Federation of State Medical Boards, National Board of Medical Examiners.(cl) (Entered: 05/03/2016) |
| 05/04/2016 | 110 | ORDER denying 71 Motion for Bill of Costs Signed by Magistrate Judge Joseph F. Saporito, Jr on 5/4/16 (ms) (Entered: 05/04/2016) |

| 05/04/2016 | <u>111</u> | ORDER finding as moot <u>78</u> Motion for Discovery Signed by Magistrate Judge Joseph F. Saporito, Jr on 5/4/16 (ms) (Entered: 05/04/2016) |
| --- | --- | --- |
| 05/06/2016 | <u>112</u> | First MOTION to Exceed Page Limitation *Opposition to Summary Judgement* by Richard Katz.(Katz, Richard) (Entered: 05/06/2016) |
| 05/06/2016 | <u>113</u> | BRIEF IN OPPOSITION re <u>99</u> Second MOTION to Compel Discovery *Supplemental Interrogatories TWO* filed by Federation of State Medical Boards, National Board of Medical Examiners.(Sacks, Michael) (Entered: 05/06/2016) |
| 05/06/2016 | <u>114</u> | ORDER granting <u>108</u> Motion to Seal Document 109 DOCUMENT(S) PENDING SEALING DECISION Signed by Magistrate Judge Joseph F. Saporito, Jr on 5/6/16 (ms) (Entered: 05/06/2016) |
| 05/09/2016 | <u>115</u> | ORDER granting <u>112</u> Motion for Leave to File Excess Pages. Plaintiff may file a brief in opposition to defendant's summary judgment motion in excess of 15 pages and 5000 words, not to exceed 30 pages.Signed by Magistrate Judge Joseph F. Saporito, Jr on 5/9/16 (ms) (Entered: 05/09/2016) |
| 05/10/2016 | <u>116</u> | MEMORANDUM (Order to follow as separate docket entry)re: Docs. 74, 77, 80, 90, 79Signed by Magistrate Judge Joseph F. Saporito, Jr on 5/10/16. (ms) (Entered: 05/10/2016) |
| 05/10/2016 | <u>117</u> | ORDER (memorandum filed previously as separate docket entry). In accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:1.The plaintiffs motions to compel and for a protective order (Doc. 74; Doc. 77; Doc. 80; Doc. 90) are DENIED;2.The defendants motion to compel and for a protective order (Doc. 79) is GRANTED in part and DENIED in part, as follows:a.The plaintiffs objections to the defendants proposed subpoenas are OVERRULED, subject to the following protective measures:i.The defendants shall mark any records received from third-parties in response to the subpoenas at issue in these motions as CONFIDENTIAL;ii.Documents marked CONFIDENTIAL in accordance with the preceding paragraph shall be used in this litigation only; andiii.The Court shall retain jurisdiction to impose sanctions against the parties or their counsel in the event of noncompliance with this Order;b.The plaintiff shall promptly sign the requested authorization forms and return them to defense counsel within seven (7) days of the date of this Order; andc.The defendants objections with respect to Katzs request for the production of confidential personal records of five current or former NBME employees are SUSTAINED;3.Briefing with respect to the defendants motion for summary judgment (Doc. 105) is STAYED for a period of sixty (60) days to permit service of the subpoenas duces tecum and response thereto by the third-party recipients, at the conclusion of which time the defendants shall file an amended brief in support of their motion, an amended statement of facts, and any supplemental exhibits in support of the motion, and the plaintiff shall file his response to the motion and supporting materials within twenty-one (21) days after service of the amended brief in support; and4.The parties shall bear their own costs incurred in connection with these motions, as an award of |

| | | |
|---|---|---|
| | | expenses to the defendants would be unjust in light of the plaintiffs indigence. See Fed. R. Civ. P. 37(a)(5); see also Fed. R. Civ. P. 26(c)(3).Signed by Magistrate Judge Joseph F. Saporito, Jr on 510/16. (ms) (Entered: 05/10/2016) |
| 05/12/2016 | 118 | ORDER denying 66 Motion to Appoint Counsel ; finding as moot 67 Motion for Hearing Signed by Magistrate Judge Joseph F. Saporito, Jr on 5/12/16 (ms) (Entered: 05/12/2016) |
| 05/12/2016 | 119 | ORDER denying 91 Motion to Compel Discovery Signed by Magistrate Judge Joseph F. Saporito, Jr on 5/12/16 (ms) (Entered: 05/12/2016) |
| 05/12/2016 | 120 | ORDER denying 99 Motion to Compel Discovery Signed by Magistrate Judge Joseph F. Saporito, Jr on 5/12/16 (ms) (Entered: 05/12/2016) |
| 05/12/2016 | 121 | SEALED -Motion to File Document under Seal (cl) (Additional attachment(s) added on 5/13/2016: # 1 Memo Memorandum in Support, # 2 Proposed Order) (ms). (Entered: 05/12/2016) |
| 05/12/2016 | 123 | ORDER DENYING 98 First MOTION to Compel Discovery *Request for Admissions* filed by Richard Katz Signed by Magistrate Judge Joseph F. Saporito, Jr on 5/12/16. (ms) (Entered: 05/12/2016) |
| 05/13/2016 | 124 | ORDER re 121 Document Sealed, 122 DOCUMENT(S) PENDING SEALING DECISION. Granting motion to file a document under seal. Clerk shall accept for filing under seal Defendants' answer and affirmative defenses to plaintiff's second amended complaint. Signed by Magistrate Judge Joseph F. Saporito, Jr on 5/13/16. (ms) (Entered: 05/13/2016) |
| 07/11/2016 | | DOCKET ANNOTATION: Defense counsel is directed to re-file its Doc. 125 Amended Motion for Summary Judgment, Amended Statement of Undisputed Facts, and Amended Memorandum in Support as separate filings. (ms) (Entered: 07/11/2016) |
| 07/11/2016 | 126 | Amended MOTION for Summary Judgment by Federation of State Medical Boards, National Board of Medical Examiners.(Sacks, Michael) (Entered: 07/11/2016) |
| 07/11/2016 | 127 | STATEMENT OF FACTS re 126 Amended MOTION for Summary Judgment filed by Federation of State Medical Boards, National Board of Medical Examiners.(Sacks, Michael) (Entered: 07/11/2016) |
| 07/11/2016 | 128 | MEMORANDUM OF LAW by Federation of State Medical Boards, National Board of Medical Examiners re 127 Statement of Facts, 126 Amended MOTION for Summary Judgment . (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s))(Sacks, Michael) (Entered: 07/11/2016) |
| 07/15/2016 | 129 | BRIEF IN OPPOSITION re 126 Amended MOTION for Summary Judgment filed by Richard Katz.(Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 130 | STATEMENT OF FACTS filed by Richard Katz.(Katz, Richard) (Entered: 07/15/2016) |

| 07/15/2016 | 131 | MEMORANDUM OF LAW by Richard Katz . (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 132 | EXHIBIT *EXHIBIT 1* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 133 | EXHIBIT *EXHIBIT 2* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 134 | EXHIBIT *EXHIBIT 3* by Richard Katz re 130 Statement of Facts, 129 Brief in Opposition to Motion for Summary Judgment. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 135 | EXHIBIT *4* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 136 | EXHIBIT *5* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 138 | EXHIBIT *7* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 142 | EXHIBIT *11* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 143 | EXHIBIT *12* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 144 | EXHIBIT *13* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 145 | EXHIBIT *14* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 146 | EXHIBIT *15* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 147 | EXHIBIT *16* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 148 | EXHIBIT *17* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 149 | EXHIBIT *18* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 150 | EXHIBIT *19* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 151 | EXHIBIT *20* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 157 | EXHIBIT *26* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |

| | | |
|---|---|---|
| 07/15/2016 | 161 | EXHIBIT *30* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 163 | EXHIBIT *32* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 164 | EXHIBIT *34* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 165 | EXHIBIT *33* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 166 | EXHIBIT *34* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 167 | EXHIBIT *35* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 168 | EXHIBIT *36* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 169 | EXHIBIT *37* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 171 | EXHIBIT *39* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 172 | EXHIBIT *40* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 173 | EXHIBIT *41* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 174 | EXHIBIT *42* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 175 | EXHIBIT *43* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 176 | EXHIBIT *44* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 177 | EXHIBIT *45* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 178 | EXHIBIT *46* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 179 | EXHIBIT *47* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 180 | EXHIBIT *48* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |

| | | |
|---|---|---|
| 07/15/2016 | 181 | EXHIBIT *49* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Attachments: # 1 Exhibit(s), # 2 Exhibit(s))(Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 182 | EXHIBIT *50* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 183 | EXHIBIT *51* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 184 | EXHIBIT *52* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 187 | EXHIBIT *55* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 188 | EXHIBIT *56* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 189 | EXHIBIT *57* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 190 | EXHIBIT *58* by Richard Katz re 130 Statement of Facts, 131 Memorandum of Law. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 191 | AFFIDAVIT re 130 Statement of Facts, 129 Brief in Opposition to Motion for Summary Judgment, 131 Memorandum of Law filed by Richard Katz. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 192 | EXHIBIT *FOIA* by Richard Katz re 191 Affidavit. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 193 | EXHIBIT *FOIA - REQUEST* by Richard Katz re 192 Exhibit, 191 Affidavit. (Katz, Richard) (Entered: 07/15/2016) |
| 07/15/2016 | 194 | EXHIBIT *FOIA - TIME EXTENSION* by Richard Katz re 192 Exhibit, 193 Exhibit, 191 Affidavit. (Katz, Richard) (Entered: 07/15/2016) |
| 07/18/2016 | 195 | DOCUMENT SEALED - Exhibit 59 re: 130 Staement of Facts, 131 memorandum of Law (ms) (Entered: 07/18/2016) |
| 07/28/2016 | 196 | REPLY BRIEF re 126 Amended MOTION for Summary Judgment filed by Federation of State Medical Boards, National Board of Medical Examiners. (Hamburg, Neil) (Entered: 07/28/2016) |
| 07/28/2016 | 197 | ANSWER TO STATEMENT OF FACTS re 130 Statement of Facts filed by Federation of State Medical Boards, National Board of Medical Examiners. (Hamburg, Neil) (Entered: 07/28/2016) |
| 08/02/2016 | 198 | REPLY BRIEF re 126 Amended MOTION for Summary Judgment filed by Richard Katz. (Attachments: # 1 Exhibit(s) 1)(Katz, Richard) (Entered: 08/02/2016) |

| 11/30/2016 | <u>199</u> | REPORT AND RECOMMENDATIONS re <u>105</u> MOTION for Summary Judgment filed by National Board of Medical Examiners, Federation of State Medical Boards, <u>126</u> Amended MOTION for Summary Judgment filed by National Board of Medical Examiners, Federation of State Medical Boards.For the foregoing reasons, it is recommended that:1.The plaintiffs obstruction of justice claim be DISMISSED sua sponte as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);2.The plaintiffs breach of contract claim be DISMISSED sua sponte for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);3.The defendants motion for summary judgment (Doc. 105; Doc. 126) be GRANTED with respect to all of the remaining claims;4.The Clerk be directed to enter JUDGMENT in favor of the defendants and against the plaintiff; and5.The Clerk be directed to CLOSE this case. Objections to R&R due by 12/19/2016Signed by Magistrate Judge Joseph F. Saporito, Jr on 11/30/16. (ms)(Original file to Judge Mariani from Chambers) (Entered: 11/30/2016) |
| --- | --- | --- |
| 12/19/2016 | <u>200</u> | (PLEASE DISREGARD - APPEAL OF MAGISTRATE JUDGE DECISION TO DISTRICT COURT NOT APPROPRIATE AT THIS TIME; TO BE TREATED AS OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE) APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Richard Katz re <u>199</u> REPORT AND RECOMMENDATIONS re <u>105</u> MOTION for Summary Judgment filed by National Board of Medical Examiners, Federation of State Medical Boards, <u>126</u> Amended MOTION for Summary Judgment filed by National Board of Medical Ex (Attachments: # <u>1</u> Exhibit(s) A, # <u>2</u> Exhibit(s) B, # <u>3</u> Exhibit(s) C)(Katz, Richard) Modified on 12/21/2016 (ms). (Entered: 12/19/2016) |
| 12/19/2016 | <u>201</u> | OBJECTION to <u>199</u> Report and Recommendations. (Attachments: # <u>1</u> Exhibit(s), # <u>2</u> Exhibit(s), # <u>3</u> Exhibit(s))(ms) (Entered: 12/21/2016) |
| 12/30/2016 | <u>202</u> | RESPONSE by Federation of State Medical Boards, National Board of Medical Examiners to <u>201</u> Objection to Report and Recommendations . (Sacks, Michael) (Entered: 12/30/2016) |
| 12/31/2016 | <u>203</u> | SUR REPLY to REPLY to Response to Motion re <u>199</u> REPORT AND RECOMMENDATIONS re <u>105</u> MOTION for Summary Judgment filed by National Board of Medical Examiners, Federation of State Medical Boards, <u>126</u> Amended MOTION for Summary Judgment filed by National Board of Medical Ex filed by Richard Katz.(Katz, Richard) (Entered: 12/31/2016) |
| 01/04/2017 | <u>204</u> | SUR REPLY to REPLY to Response to Motion re <u>199</u> REPORT AND RECOMMENDATIONS re <u>105</u> MOTION for Summary Judgment filed by National Board of Medical Examiners, Federation of State Medical Boards, <u>126</u> Amended MOTION for Summary Judgment filed by National Board of Medical Ex filed by Richard Katz. (Attachments: # <u>1</u> Exhibit(s) A, # <u>2</u> Exhibit(s) B, # <u>3</u> Exhibit(s) C, # <u>4</u> Exhibit(s) D, # <u>5</u> Exhibit(s) E)(Katz, Richard) (Entered: 01/04/2017) |

| 02/07/2017 | 205 | ORDER ADOPTING REPORT AND RECOMMENDATIONS (Doc. 199). Defendants' Motion for Summary Judgment, (Doc. 105), in light of the fact that it was filed a day before Plaintiff filed his Second Amended Complaint, (Doc. 107), is DISMISSED AS MOOT. defendants' Amended Motion for Summary Judgment, (Doc. 126) is GRANTED with respect to all of Plaintiff's remaining claims. Judgment is hereby entered IN FAVOR OF Defendants and AGAINST Plaintiff on these claims. adopting 199 Report and Recommendations. (PLEASE SEE ORDER FOR COMPLETE DETAILS) Signed by Honorable Robert D. Mariani on 2/7/17. (lh) (Entered: 02/07/2017) |
| --- | --- | --- |
| 02/09/2017 | 206 | NOTICE OF APPEAL in Non-Prisoner Pro Se Case as to 205 Order Adopting Report and Recommendations, Order Terminating Case, Order on Motion for Summary Judgment,, Order on Report and Recommendations,,,,,,,,, by Richard Katz. Motion for IFP Pending. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (Katz, Richard) (Entered: 02/09/2017) |
| 02/09/2017 | 207 | First MOTION for Leave to Appeal in forma pauperis by Richard Katz.(Katz, Richard) (Entered: 02/09/2017) |
| 02/13/2017 | 208 | USCA Case Number 17-1329 for 206 Notice of Appeal, filed by Richard Katz. USCA Case Manager Kirsi (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF). (sb) (Entered: 02/13/2017) |
| 02/28/2017 | 209 | First MOTION to Seal , MOTION to Seal Case by Richard Katz. (Attachments: # 1 Exhibit(s) Leagle.com, # 2 Exhibit(s) Justia.com)(Katz, Richard) (Entered: 02/28/2017) |
| 02/28/2017 | | Supplemental Record on Appeal transmitted to US Court of Appeals re 207 First MOTION for Leave to Appeal in forma pauperis . Documents and Docket Sheet available through ECF. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (bg) (Entered: 02/28/2017) |
| 03/03/2017 | 210 | RESPONSE by Federation of State Medical Boards, National Board of Medical Examiners to 209 First MOTION to Seal MOTION to Seal Case . (Sacks, Michael) (Entered: 03/03/2017) |
| 04/03/2017 | 211 | ORDER upon consideration of Plaintiffs Motion to Seal, (Doc. 209), IT IS HEREBY ORDERED THAT the Motion is DENIED.Signed by Honorable Robert D. Mariani on 4/3/17 (jfg) (Entered: 04/03/2017) |

**PACER Service Center**

**Transaction Receipt**

08/08/2017 15:38:05

| PACER Login: | hg0104:2560671:0 | Client Code: | NBME/Katz |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 3:15-cv-01187-RDM |
| Billable Pages: | 12 | Cost: | 1.20 |

**S.A. 17**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD KATZ,

          Plaintiff,

          v.

NATIONAL BOARD OF MEDICAL
EXAMINERS, et al.,

          Defendants.

CIVIL ACTION NO. 3:15-cv-01187

(MARIANI, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

This is a *pro se* civil action. The plaintiff, Richard Katz, has asserted various federal and state-law claims against the defendants, the National Board of Medical Examiners ("NBME") and the Federation of State Medical Boards ("FSMB"), arising out his several unsuccessful attempts to pass the United States Medical Licensing Examination ("USMLE"), a multi-step standardized examination owned and administered by the NBME and FSMB, which is used to evaluate applicants for medical licensure in the United States and its territories. In particular, Katz claims that the defendants wrongfully denied a 2005/2006 request that they accommodate his cognitive disabilities and a 2014 request that they waive a "six-attempt limit" that precluded him from registering for further

attempts to pass Step 1 of the USMLE.

## I.    BACKGROUND

Katz graduated from medical school in 2004. He first sat for the USMLE Step 1 in March 2002. He sat for subsequent Step 1 exams in October 2002, September 2003, December 2004, and April 2005. Each time he failed to pass the exam. He sat for the USMLE Step 2 Clinical Knowledge exam in March 2005; he failed that test as well.

In July 2005, Katz registered for another iteration of the USMLE Step 2 Clinical Knowledge exam, but this time he submitted a formal request for test accommodations. On the form application, he marked boxes indicating that his request was based on the following mental health conditions: anxiety disorder; attention deficit hyperactivity disorder ("ADHD"); and mood disorder / depression.[1] He requested additional break time and additional time to complete the exam. Katz also submitted documentation in support of his request for test accommodations.

Katz spoke with NBME staff on several occasions over the following

---

[1] Katz was subsequently diagnosed with several other conditions, including: dysthymia; adjustment disorder with mixed anxiety and depressed mood; panic disorder without agoraphobia; and, ultimately, bipolar disorder.

- 2 -

months, seeking out and submitting additional documentation at the request of NBME. In February 2006, an NBME psychologist internally recommended denial of Katz's request for test accommodations. On March 13, 2006, NBME denied Katz's request for test accommodations.

Over the next several years, Katz made further attempts to pass parts of the exam, without accommodations. In September 2006, Katz sat for and failed the USMLE Step 2 Clinical Knowledge exam for a second time. In March 2007, he sat for and failed the USMLE Step 2 Clinical Skills exam. In November 2010, he sat for and failed the USMLE Step 2 Clinical Knowledge exam for a third time. In August 2011, he sat for and failed the USMLE Step 2 Clinical Skills exam for a second time.

In August 2011, the USMLE program introduced a new limit on the total number of times an examinee would be permitted to take the same exam component. Under this new policy, an examinee would be ineligible to register to take a step or step component if he or she had made six or more unsuccessful attempts to pass that step or step component, including incomplete attempts. Examinees who had not previously taken any exam component were subject to this six-attempt limit effective January 1, 2012. Examinees who had previously taken any step or step component of the

- 3 -

USMLE exam were subject to the six-attempt limit beginning January 1, 2013—effectively permitting these examinees a one-year grace period in which to complete exam components for which they would later become ineligible under the six-attempt limit policy.

After the adoption of this new six-attempt limit, Katz made further attempts to pass parts of the USMLE exam. In February 2012 and November 2012, he made his seventh and eighth unsuccessful attempts to pass the USMLE Step 1 exam. In January 2013, he made his third unsuccessful attempt to pass the USMLE Step 2 Clinical Skills exam. In November 2013, he made his ninth and final unsuccessful attempt to pass the USMLE Step 1 exam.[2] Katz did not request any test accommodations.

On March 9, 2013, Katz was admitted to Pocono Medical Center for suicidal ideation and increased paranoia.[3] Among other stressors he

---

[2] Katz sat for the exam in November 2013, but he registered for it in December 2012, before the six-attempt limit became effective for him and other examinees who had taken parts of the exam before January 1, 2012.

[3] Although Katz's medical records have been filed under seal, the Court may reveal as much "as is necessary to produce a reasoned opinion that can itself be reviewed." *See In re Ford Motor Co.*, 110 F.3d 954, 967 n.11 (3d Cir. 1997). While Katz's medical records—produced in discovery and filed as sealed exhibits in support of or opposition to the defendants' summary judgment motion—and the particulars of his medical and mental health treatment may be of marginal public interest, we find that public's

*(continued on next page)*

- 4 -

discussed with the attending psychiatrist, Katz discussed his unsuccessful efforts to pass his medical boards. In particular, he commented that "[i]f he fails again this time, this will be his last chance." (Doc. 195, at 6 (filed under seal)). On May 15, 2013, Katz was discharged with a diagnosis of bipolar disorder and a treatment plan, including medication and follow-up outpatient mental health treatment.

On April 1, 2014, Katz wrote an "appeal" letter seeking waiver of the six-attempt limit to permit him to sit for a tenth attempt to pass the USMLE Step 1 exam, with test accommodations appropriate to his diagnosis for bipolar disorder. On April 17, 2014, an official with the USMLE Secretariat wrote back in response, advising Katz that the only exception to the six-attempt limit outlined in the USMLE *Bulletin of*

----

right of access to judicial records—both under the common law and under the First Amendment—militate in favor of disclosure with respect to our recitation of facts material to the disposition of this case on summary judgment. *See generally Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993); *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 661–63 (3d Cir. 1991); *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhous Assocs.*, 800 F.2d 339, 343–44 (3d Cir. 1986). Moreover, the bare facts that Katz has been diagnosed with bipolar disorder and that he suffered a nervous breakdown that required his hospitalization in 2013 are already public knowledge, having been disclosed in Katz's unsealed pleadings and attachments. (*See, e.g.*, Doc. 1-2, at 1; Doc. 107, at 11).

- 5 -

*Information* was a provision that allowed examinees with six or more attempts at an exam component to have an additional attempt if so requested by a state medical board that is fully informed of the candidate's prior examination history.

On March 3, 2015—nearly a year later—Katz wrote a letter to the Pennsylvania State Board of Medicine seeking the Board's approval for a waiver of the six-attempt limit. The matter was presented to the Board at a public hearing on May 19, 2015, and denied by unanimous vote.

On June 17, 2015, Katz filed the original *pro se* complaint in this action. (Doc. 1). On August 12, 2015, he filed an amended complaint, also *pro se*. (Doc. 23). On May 3, 2016, with leave of court, Katz filed a second amended complaint, *pro se*. (Doc. 107). In his second amended complaint, Katz seeks declaratory and injunctive relief, as well as compensatory and punitive damages, for alleged discrimination by a licensing examination provider under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12189, and for alleged discrimination by the provider of a federally financed program or activity under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal

- 6 -

court's obligation to liberally construe the filings of *pro se* litigants). Katz

has also alleged obstruction of justice by "misleading conduct" in violation

of 18 U.S.C. § 1515(a)(3), a federal criminal statute. In addition to these

federal claims, Katz has asserted various state-law claims, including

breach of contract, fraudulent or deceptive conduct in violation of the

Pennsylvania Unfair Trade Practices and Consumer Protection Law

("UTPCPL"), 73 P.S. §§ 201-1 *et seq.*, negligent and intentional infliction of

emotional distress, tortious interference with prospective employment,[4]

and fraudulent misrepresentation. Katz seeks compensatory damages

based on "mental anguish," the "subver[sion] [of] his self-esteem and sense

of self-worth," and degradation of his "overall health." (Doc. 107, at 11). In

particular, Katz claims that the defendants' conduct caused him to suffer a

nervous breakdown, which required his hospitalization for a week in

March 2013, and "persistent and recurring severe abdominal pain due to

emotional distress," which led to an emergency-room visit in August 2015

and ongoing treatment by a gastroenterologist. (*Id.*). He further claims

---

[4] The *pro se* second amended complaint has labeled this last cause of
action "impairment of economic opportunity," which the Court has
liberally construed as a claim of tortious interference with a prospective
employment relationship.

- 7 -

that stress he attributes to the defendants' conduct exacerbated a pre-existing asthma condition and caused him to suffer "frequent headaches, high blood sugar approaching a pre-diabetic state, skin conditions for which he sees a [d]ermatologist monthly since 2013, depression, anxiety[,] and sleep disturbance." (*Id.*). Katz also seeks compensatory damages for lost income as a physician, contending that he has been unable to engage in the lucrative practice of medicine because the defendants' conduct has prevented him from obtaining his medical license. (*Id.*).

The defendants initially moved for summary judgment on May 2, 2016. (Doc. 105). Following the filing of Katz's second amended complaint, the defendants file an amended motion for summary judgment on July 11, 2016. (Doc. 126).This motion is fully briefed and ripe for decision.

## II.  LEGAL STANDARDS

### A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A

- 8 -

dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." *Anderson*, 477 U.S. at 251–52.

## B. *Sua Sponte* Dismissal Standard

Under 28 U.S.C. § 1915(e)(2), an *in forma pauperis* action may be dismissed *sua sponte* for frivolousness, for failure to state a claim, or for seeking monetary relief against an immune defendant "at any time,"

- 9 -

before or after service of process. *See* 28 U.S.C. § 1915(e)(2); *Walker v. Sec.*
*Office of SCI Coal Twp.*, Civil No. 3:CV-08-1573, 2010 WL 1177338, at *4
(M.D. Pa. Mar. 25, 2010). This statute requires the Court to dismiss an *in*
*forma pauperis* action if it is "frivolous" or "fails to state a claim on which
relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(i); § 1915(e)(2)(B)(ii).

An action is "frivolous where it lacks an arguable basis in either law
or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Thomas v.*
*Barker*, 371 F. Supp. 2d 636, 639 (M.D. Pa. 2005). To determine whether it
is frivolous, a court must assess a complaint "from an objective standpoint
in order to determine whether the claim is based on an indisputably
meritless legal theory or clearly baseless factual contention." *Deutsch v.*
*United States*, 67 F.3d 1080, 1086 (3d Cir. 1995) (citing *Denton v.*
*Hernandez*, 504 U.S. 25, 34 (1992)); *Thomas*, 371 F. Supp. 2d at 639.
Factual allegations are "clearly baseless" if they are "fanciful," "fantastic,"
or "delusional." *See Denton*, 504 U.S. at 32–33. "[A] finding of factual
frivolousness is appropriate when the facts alleged rise to the level of the
irrational or the wholly incredible, whether or not there are judicially
noticeable facts available to contradict them." *Id.* at 33. A district court is
further permitted, in its sound discretion, to dismiss a claim "if it

- 10 -

determines that the claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch*, 67 F.3d at 1089.

"The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2) is the same as that for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)." *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam). Rule 12(b)(6), in turn, authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the well-pleaded allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the

complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III.  DISCUSSION

### A. Criminal Obstruction of Justice

Katz claims that certain conduct by employees of the defendants constituted obstruction of justice, in violation 18 U.S.C. § 1515(a)(3), because these employees "intentionally conceal[ed] a material fact, and thereby creat[ed] a false, forged, altered, or otherwise lacking in authenticity [statement]." (Doc. 107, at 7–8). But § 1515 is a federal criminal statute that does not provide for a private cause of action or civil remedy. *Hopson v. Weinburg Attorney's at Law*, Civil Action No. 3:12CV-802-H, 2013 WL 557263, at *2 (W.D. Ky. Feb. 12, 2013); *Winston v. Riel*, No. 1:09-cv-223-SJM, 2010 WL 3505126, at *6 (W.D. Pa. Sept. 3, 2010). Accordingly, it is recommended that this claim be dismissed *sua sponte* as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Breach of Contract

Katz claims that the defendants "breached [their] duty of good faith and fair dealing by wrongfully failing to assist him with his disability in 2005–2006 and again in 2014." In particular, Katz alleges that the

- 12 -

defendants failed to provide him with his requested test accommodations
in 2006 and 2014, in violation of their duty of good faith and fair dealing.
This contract claim, based solely on an alleged breach of the covenant of
good faith and fair dealing without reference to any express contractual
duty imposed upon the defendants, is meritless on its face. *See Diodato v.
Wells Fargo Ins. Servs., USA, Inc.*, 44 F. Supp. 3d 541, 560 (M.D. Pa.
2014); *Hanaway v. Parkesburg Grp., LP*, 132 A.3d 461, 471–72 (Pa. Super.
Ct. 2015). "[A] good faith and fair dealing claim 'must always be grounded
in a specific provision of a contract' rather than some abstract or perceived
social policy." *Diodato*, 44 F. Supp. 3d at 560. Here, the second amended
complaint fails to allege any express terms of a contract between Katz and
the defendants that imposed upon them a duty to provide him with the
test accommodations he requested. Instead, this claim relies solely upon
the broader social policies of state tort law and federal anti-discrimination
statutes, which themselves sound in tort. *See Guenther v. Griffin Constr.
Co.*, 161 F. Supp. 3d 665, 674 (W.D. Ark. 2016); *Donelson v. Providence
Health & Serv.-Wash.*, 823 F. Supp. 2d 1179, 1191 (E.D. Wash. 2011).
Accordingly, it is recommended that this claim be dismissed *sua sponte* for
failure to state a claim on which relief may be granted, pursuant to 28

- 13 -

U.S.C. § 1915(e)(2)(B)(ii).

## C. Time-Barred Federal and State Claims

The defendants have moved for summary judgment on the ground that Katz's federal ADA and Rehabilitation Act claims and his state-law claims are barred by the statute of limitations.

Here, the defendants have met their burden of showing that Katz failed to commence this civil action before the applicable statutes of limitations had run. Katz has asserted federal civil rights claims under Title III of the ADA, 42 U.S.C. § 12189, and under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. He has also asserted various state-law claims, including common-law tort claims (negligent infliction of emotional distress, intentional infliction of emotional distress, tortious interference with prospective employment, and fraudulent misrepresentation) and a statutory claim under the Pennsylvania UTPCPL. The plaintiff's ADA and Rehabilitation Act claims are subject to a two-year statute of limitations. *See Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008). His state-law tort claims are similarly subject to a two-year statute of limitations. *See* 42 Pa. Cons. Stat. Ann. § 5524. The applicable limitations period for UTPCPL claims is six years. *See* 42 Pa. Cons. Stat.

- 14 -

§ 5527; *Jacobs v. Halper*, 116 F. Supp. 3d 469, 479 (E.D. Pa. 2015).[5]

Katz's UTPCPL and common-law fraud claims are based solely on conduct alleged to have occurred in 2005 and 2006. Katz alleges that NBME officials misrepresented their professional qualifications in connection with their review and denial of his July 2005 request for test accommodations. All of the conduct alleged in support of Katz's UTPCPL and common-law fraud claims occurred nearly a decade before the filing of this action on June 17, 2015, well outside the applicable statutes of limitation.

With respect to Katz's other claims, each of which is subject to a two-year limitations period, the key conduct at issue likewise includes the review and denial of Katz's July 2005 request for test accommodations. After the March 2006 denial of his request, Katz registered for and took the USMLE Step 1 exam three more times without any further request for test accommodations. He also registered for and took the USMLE Step 2

---

[5] "Th[e] statute of limitations embodies the following three policies: (1) rights should be enforced without unreasonable delay; (2) after a certain period of time a defendant should have repose and should be spared from defending against a stale claim; and (3) it is wasteful to use judicial resources to decide stale claims on stale evidence." *Bosworth v. Plummer*, 510 F. Supp. 1027, 1029 (W.D. Pa. 1981).

Clinical Knowledge exam twice and the USMLE Step 2 Clinical Skills exam three times, all without any further request for test accommodations.

In addition, the six-attempt limit was adopted and implemented by the defendants in August 2011. Under this policy, Katz was precluded from registering for additional iterations of the USMLE Step 1 exam after December 31, 2012. After adoption of the six-attempt limit, Katz registered for and took the USMLE Step 1 exam three more times, all without any further request for test accommodations.

In March 2013, Katz was diagnosed for the first time with bipolar disorder. At the time, he was well aware of the six-attempt limit and the fact that it would preclude him from registering for any future administration of the USMLE Step 1 exam.[6] Eight months later, he sat for his ninth and final unsuccessful attempt to pass the USMLE Step 1 exam. He did not request any test accommodations.

All of these facts, including the specific nature of Katz's disability (bipolar disorder) and his knowledge that the six-attempt limit would

---

[6] As previously noted, Katz advised an attending psychiatrist while hospitalized that his upcoming attempt to pass the USMLE Step 1 exam would be his "last chance" to do so. (*See* Doc. 195, at 6 (filed under seal)).

- 16 -

preclude him from registering for any further iterations of the USMLE Step 1 exam, occurred more than two years prior to the filing of this action on June 17, 2015.

In an effort to avoid the defendants' limitations defense, Katz has alleged that, on April 1, 2014—more than two-and-a-half years after the "six-attempt" limit policy was adopted; more than fifteen months after he registered for his "last chance" to sit for the USMLE Step 1 exam; and more than a year after having been diagnosed with bipolar disorder—he wrote an "appeal" letter seeking waiver of the six-attempt limit to permit him to register for a tenth attempt to pass the USMLE Step 1 exam, including a request for test accommodations appropriate to his diagnosis for bipolar disorder. On April 17, 2014, Katz's request for a waiver was denied by the USMLE Secretariat. Katz contends that this April 2014 denial constitutes discriminatory conduct within the two-year limitations period, and that the prior events remain actionable as part of a continuing course of discriminatory conduct by the defendants. *See generally Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001) ("[W]hen a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations

- 17 -

period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred.").

But a "continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Id.* at 293. "[D]iscovery of the original act of discrimination, *not* future confirmation of the injury or determination that the injury is unlawful, is when the statute of limitations begins to run." *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir. 1996) (emphasis in original). The defendants denied Katz's one and only timely request for test accommodations in March 2006. The six-attempt limit was later adopted in August 2011, and it went into effect with respect to Katz on January 1, 2013. Katz registered for his final attempt to pass the USMLE Step 1 exam in December 2012 with full knowledge that it would be his last opportunity to take the exam. He did not request any test accommodations for that last attempt, nor did he request a waiver of the six-attempt limit at that time. He was then diagnosed with bipolar disorder in March 2013, but he nevertheless failed to request any test accommodations at that time.

More than a year after his diagnosis, Katz wrote the defendants on April 1, 2014, to request a waiver of the six-attempt limit to permit him a

- 18 -

tenth chance to pass the USMLE Step 1 exam. On April 17, 2014, the defendants refused to grant that request. This action does not constitute a new, separate discriminatory act actionable under the ADA, the Rehabilitation Act, or state tort law. Rather, it is part of the harm that continued to flow to Katz as a result of the defendants' August 2011 adoption and implementation of the six-attempt limit. *See Soignier*, 92 F.3d at 552.[7]

Accordingly, it is recommended that the defendants' motion for summary judgment be granted with respect to the remainder of Katz's federal and state-law claims, on the ground that all of these claims are barred by the applicable statutes of limitations.

---

[7] "The focus of the continuing violations doctrine is on *affirmative acts* of the defendants." *Cowell*, 263 F.3d at 293 (emphasis added). Katz never requested test accommodations with respect to his last three attempts to pass the USMLE Step 1 exam after the six-attempt limit was adopted, leaving the adoption and implementation of the six-attempt limit policy as the most recent affirmative and allegedly discriminatory act by the defendants. Had Katz requested accommodations based on his bipolar disorder diagnosis—or his earlier misdiagnoses, for that matter—and the defendants refused to provide the requested accommodations, a different result may have been dictated by the operative facts. *See, e.g., Soignier*, 92 F.3d at 552 (limitations period began to run upon administration of exam for which test accommodations were requested and refused).

- 19 -

## IV.    RECOMMENDATION

For the foregoing reasons, it is recommended that:

1.    The plaintiff's obstruction of justice claim be **DISMISSED** *sua sponte* as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

2.    The plaintiff's breach of contract claim be **DISMISSED** *sua sponte* for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3.    The defendants' motion for summary judgment (Doc. 105; Doc. 126) be **GRANTED** with respect to all of the remaining claims;

4.    The Clerk be directed to enter **JUDGMENT** in favor of the defendants and against the plaintiff; and

5.    The Clerk be directed to **CLOSE** this case.

Dated: November 30, 2016                    *s/ Joseph F. Saporito, Jr.*
                                            JOSEPH F. SAPORITO, JR.
                                            United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD KATZ,

      Plaintiff,

      v.

NATIONAL BOARD OF MEDICAL
EXAMINERS, et al.,

      Defendants.

CIVIL ACTION NO. 3:15-cv-01187

(MARIANI, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the

foregoing Report and Recommendation dated November 30, 2016. Any

party may obtain a review of the Report and Recommendation pursuant to

Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed
> findings, recommendations or report addressing a motion
> or matter described in 28 U.S.C. § 636(b)(1)(B) or making
> a recommendation for the disposition of a prisoner case
> or a habeas corpus petition within fourteen (14) days
> after being served with a copy thereof. Such party shall
> file with the clerk of court, and serve on the magistrate
> judge and all parties, written objections which shall
> specifically identify the portions of the proposed findings,
> recommendations or report to which objection is made
> and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A
> judge shall make a de novo determination of those
> portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: November 30, 2016          *s/ Joseph F. Saporito, Jr*.
                                  JOSEPH F. SAPORITO, JR.
                                  United States Magistrate Judge

- 2 -

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD KATZ,                          :
                                        :
            Plaintiff,                  :
                                        :
     v.                                 :     3:15-CV-1187
                                        :     (JUDGE MARIANI)
NATIONAL BOARD OF MEDICAL               :
EXAMINERS, et al.,                      :
                                        :
            Defendants.                 :

FILED
SCRANTON

FEB 0 7 2017

PER _____
        DEPUTY CLERK

## ORDER

AND NOW, THIS 7th DAY OF FEBRUARY, 2017, upon *de novo* review of

Magistrate Judge Saporito's Report & Recommendation, (Doc. 199), **IT IS HEREBY**

**ORDERED THAT:**

1. The Report & Recommendation ("R&R"), (Doc. 199), is **ADOPTED** for the reasons

   discussed therein, except as modified below.

2. Plaintiff's Objections, (Doc. 201), are **OVERRULED**.  Plaintiff's relevant objections

   concern whether the continuing violations doctrine is applicable and whether there

   were any grounds for tolling the statute of limitations.  The R&R adequately

   addresses why the continuing violations doctrine does not apply.   (Doc. 199 at 18-

   19).  With that in mind, the last affirmative act that could be the basis for Plaintiff's

   claims[1] is the passage of the six-attempt limit rule, which accrued, at the latest,

---

[1] Plaintiff's claim of unfair and deceptive practices under the Pennsylvania's Unfair Trade Practices
and Consumer Protection Law, 73 P.S. §§ 201-1 *et seq.*, which has a six year statute of limitations, seems
to be entirely based on the "deceptive conduct" of Defendants use of the words "experts" to describe a non-
licensed psychologist who reviewed Plaintiff request for testing accommodations in 2006.  This claim would
therefore be time-bared in 2012.

when it took effect for Plaintiff on January 1, 2013. The Defendants' denial of

Plaintiff's request for a waiver is not an independent act of discrimination, but

merely Plaintiff's attempt to remedy the act of alleged discrimination that had

already occurred. *See Delaware State College v. Ricks*, 449 U.S. 250, 260-61,

101 S. Ct. 498, 66 L. Ed. 2d 431 (1980). Therefore, the denial of the waiver

request is not the date that the claims accrued as Plaintiff suggests.

As for tolling, Plaintiff argues two points: (1) Plaintiff's mental status should allow

for tolling because he was incapable of rational thought or deliberate decision

making due to his bipolar disorder until April of 2014; (2) Defendants' statement

that Plaintiff's request for accommodations was reviewed by "experts" was

deceptive and prohibited him from discovering his claims. (Doc. 201 at 11, 14-18).

Both arguments are without merit. First, while the Court does not doubt the

seriousness of Plaintiff's bipolar disorder, Plaintiff's mental illness does not rise to

the level of extraordinary as required to toll the statute of limitations on the basis of

mental illness. *See Kach v. Hose*, 589 F.3d 626, 643-45 (3d Cir. 2009). During

the time of Plaintiff's disability, Plaintiff was able to finish medical school, apply for

the required examinations for his medical license on multiple occasions, and apply

for other jobs. Second, even assuming the use of the word "experts" by

Defendants was deceptive and wrongful, Plaintiff was aware that he was denied

the accommodations he believed he was entitled to under the law.

2

3.  Defendants' Motion for Summary Judgment, (Doc. 105), in light of the fact that it was filed a day before Plaintiff filed his Second Amended Complaint, (Doc. 107), is **DISMISSED AS MOOT.**

4.  Plaintiff's Obstruction of Justice claim, (Doc. 107 at ¶¶ 25-36), is **DISMISSED WITH PREJUDICE** as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

5.  Plaintiff's Breach of Contract claim, (Doc. 107 at ¶ 24), is **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

6.  Defendants' Amended Motion for Summary Judgment, (Doc. 126), is **GRANTED** with respect to all of Plaintiff's remaining claims.[3]  Judgment is hereby entered **IN FAVOR OF** Defendants and **AGAINST** Plaintiff on these claims.

7.  The Clerk of the Court is directed to **CLOSE** this case.

Robert D. Mariani
United States District Judge

---

[2] Plaintiff argues that given his status as a *pro se* litigant, he should be allowed to amend this claim. (Doc. 201 at 10).  The Court, however, finds that because there are no facts to suggest the presence of a contract between Plaintiff and Defendants, any such attempt to amend this claim would be futile.  Therefore, the Court does not grant leave to amend.  *See Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001) ("[L]eave to amend need not be granted when amending the complaint would clearly be futile").

[3] The remaining claims are (1) discrimination in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12189, (Doc. 107 at ¶¶ 16-23); (2) unfair and deceptive practices under the Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 *et seq.*, (Doc. 107 at ¶¶ 37-41); (3) negligent or intentional infliction of emotional distress, (Doc. 107 at ¶¶ 42-44); (4) tortious interference with a prospective employment relationship, (Doc. 107 at ¶¶ 45-53); (5) fraudulent misrepresentation, (Doc. 107 at ¶ 54); and (6) discrimination under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, (Doc. 107 at ¶¶ 63-67).

3

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

17-1329

Richard Katz v. National Board of Medical Exam, et al

3-15-cv-01187

# ORDER

Upon further review, it appears that it would not be appropriate at this time to submit this case to a panel of the Court for possible dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Circuit LAR 27.4 and I.O.P. 10.6.  A briefing schedule shall be issued.  In addition to any other issues the parties wish to address in their briefs, the parties should address: (1) whether Appellees' denial of Appellant's request for a waiver from the six-attempt limit was an independent act of discrimination that could trigger the commencement of a new limitations period, see Del. State Coll. v. Ricks, 449 U.S. 250, 260-61 (1980), and (2) whether the District Court was correct to conclude that Appellant's mental-health status could not equitably toll the limitations period, see Kach v. Hose, 589 F.3d 626, 645 (3d Cir. 2009).

For the Court,

*Marcia M. Waldron*

Marcia M. Waldron, Clerk

Dated: April 18, 2017

sh/cc:  Richard Katz
        Neil J. Hamburg, Esq.
        Michael E. Sacks, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD KATZ | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | NO. 3:15-cv-1187 |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL | : | (MARIANI, J.) |
| EXAMINERS, et al., | : | (SAPORITO, M.J.) |
| Defendants | : | |

**THE NATIONAL BOARD OF MEDICAL EXAMINERS AND THE
FEDERATION OF STATE MEDICAL BOARDS' AMENDED STATEMENT
OF UNDISPUTED FACTS IN SUPPORT OF SUMMARY JUDGMENT**

I.   **Undisputed Facts Concerning the USMLE, Plaintiff's USMLE Testing and His
2005-2006 Request for Accommodations.**

1.    The National Board of Medical Examiners ("NBME"), together with the Federation of State Medical Boards ("FSMB"), develops and administers the United States Medical Licensing Examination ("USMLE"), a multi-step standardized examination (Step 1, Step 2 Clinical Knowledge (CK), Step 2 Clinical Skills (CS) and Step 3) used to evaluate applicants' minimum competence for purposes of medical licensure in the United States and its territories. Exhibit 22, Affidavit of Gerard F. Dillon, Ph.D.

2.    The USMLE is designed to assess a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that constitute the basis of safe and effective patient care. Id.

3.    The examination material for all three steps of the USMLE is prepared by examination committees broadly representing the medical profession. The committees are comprised of recognized experts in their fields, including both academic and non-academic practitioners, as well as members of state medical licensing boards, which rely upon successful

completion of the three USMLE Steps as an important element in the process for licensing physicians. Id.

4.      Step 1 of USMLE is a computer-based multiple choice examination that assesses understanding and application of basic science concepts important to the practice of medicine. Id.

5.      Step 2 CK is a computer-based multiple choice examination that assesses the application of medical knowledge, skills, and understanding of clinical science essential for the provision of patient care under supervision, and includes emphasis on health promotion and disease prevention. Id.

6.      Step 2 CS is a clinical skills examination that utilizes trained actors as standardized patients and assesses whether examinees can gather information from patients, perform physical examinations, accurately document his or her findings, and communicate those findings to patients. Id.

7.      Plaintiff, who graduated from medical school in 2004, first sat for USMLE Step 1 in March 2002. Exhibit 17, USMLE Scoring Record, p. NBME-Katz 0213; Exhibit 26, p. ECFMG 000016; Exhibit 23, R. Katz depo. p. 215.

8.      Between 2002 and June 2005, plaintiff took USMLE Step 1 five times, and failed each time. Exhibit 17; Exhibit 26.

9.      In July 2005, plaintiff applied for test accommodations on Step 2 CK and Step 2 CS. He did not request accommodations on Step 1. Exhibit 1, NBME/Katz 0166-0169; Exhibit 2, NBME/Katz 0208-0212; Exhibit 23, R. Katz depo. p. 145-146.

2

10.    In his request for accommodations, plaintiff described the nature of his disability as Attention Deficit Hyperactivity Disorder ("ADHD"), Anxiety and Depression.  Exhibit 1, NBME/Katz 0167; Exhibit 2, NBME/Katz 0210.

11.    The supporting documentation that plaintiff provided to the NBME in connection with his 2005-2006 Request for Test Accommodations is contained in Exhibits 3 and 6.  Correspondence from the NBME and memoranda of telephone contacts between the NBME and plaintiff during that time are contained in Exhibits 4, 5 and 7.  Exhibit 23, R. Katz depo. p. 165-167.

12.    Plaintiff attended the High School for Art and Design in New York City, followed by Parson's School of Design, where he received a Bachelor of Fine Arts degree.  Exhibit 3, personal statement submitted to NBME, p. NBME/Katz 0205-0207.

13.    Plaintiff stopped taking math and science courses after his sophomore year of high school, and the only science course he took in college was Wildlife of North America.  Exhibit 23, R. Katz depo. p. 25, 41.

14.    Plaintiff submitted no documentation to the NBME in connection with his 2005 request for accommodations showing that he ever received accommodations for any disability at any time through his graduation from college.  Exhibits 3, 6.

15.    During college, plaintiff worked at a hospital and decided that he wanted to be a doctor.  After he completed his BFA, he started taking science and other background courses to prepare to apply for medical school, and for the first time he received academic accommodations while studying at the State University of New York, College at Old Westbury.  Exhibit 3, personal statement, NBME/Katz 0206.

16.     On the Request for Test Accommodation forms that plaintiff submitted to the NBME, he checked "yes" regarding accommodations in college, but he acknowledged at his deposition that he was referring to post-baccalaureate coursework at the College at Old Westbury. Exhibits 1, 2; Exhibit 23, R. Katz depo. p. 143.

17.     Plaintiff submitted a memorandum from William Lupardo at the College at Old Westbury, dated June 24, 2005, indicating that plaintiff received accommodations from Fall 1994 through Spring 1997 based upon "documentation" of an anxiety disorder and Attention Deficit Disorder, but the memorandum from Old Westbury did not include or describe such documentation, nor did it describe the standards for granting accommodations, or what the accommodations were. Exhibit 3, p. NBME/Katz 0204.

18.     In his personal statement submitted to the NBME, plaintiff said that Old Westbury granted accommodations because his family physician "felt" that his problem "was secondary to test anxiety and possibly an attention-deficit disorder ..." Exhibit 3, p. NBME/Katz 0206.

19.     Plaintiff did not request or receive accommodations on the Medical College Admission Test ("MCAT"). Exhibit 23, R. Katz depo. p. 119-120; Exhibits 1 and 2.

20.     Other documentation that plaintiff submitted to the NBME did not reveal any psychological testing until 2003 and there is no diagnosis of ADD or ADHD that resulted from that testing. Exhibit 3, p. NBME/Katz 0183-0189.

21.     Plaintiff first attended Ross University School of Medicine in Dominica, West Indies, but he got sick and depressed, failed the semester, and withdrew after one semester in 2000. He re-started medical school at St. Matthew's University School of Medicine in Belize later that year. He later transferred to St. Christopher's, which is based in Senegal, because it

4

offered clinical rotations in the Northeast region of the U.S. He graduated from St. Christopher's in 2004. Exhibit 23, R. Katz depo. at 125-131, 155.

22.    Plaintiff's applications to St. Matthew's School of Medicine and St. Christopher's School of Medicine, and the resumes he submitted with those applications, do not mention his failed semester at Ross University School of Medicine. Exhibit 24, Records of St. Matthew's (partial) at p. St. Matt. 002, 0035-37; Exhibit 25, Records of St. Christopher's (partial), p. St Christopher's 001-002.

23.    Plaintiff's 2005 request for accommodations to the NBME contained no record of any disability accommodations in medical school. Exhibits 1, 2.

24.    In July 2005, following plaintiff's initial submission of a request for accommodations on Step 2 CK and Step 2 CS of the USMLE, the NBME's Office of Disability Services performed a preliminary audit of the request and supporting documentation and advised plaintiff of missing information. Exhibit 5. Plaintiff supplied additional information over a period of months. Exhibit 6; Exhibit 21, Affidavit of Catherine Farmer, Psy.D.

25.    When plaintiff had submitted all of the documentation he had available in connection with his 2005-2006 request for accommodations and stated that his file was complete, the NBME submitted his request for accommodations and supporting documentation to an external consultant, Catherine Farmer, Psy.D., who is now the NBME's Director of Disability Services. Exhibit 21, Affidavit of Catherine Farmer, Psy.D.

26.    Dr. Farmer reviewed the request and accompanying documentation and concluded that plaintiff's documentation did not support a finding that plaintiff suffered from a significant impairment of a major life activity because of ADHD, depression or anxiety. Id.

5

27.    Dr. Farmer prepared a review dated February 2, 2006, addressed to J. Abram Doane, M.S., the Manager of the NBME's Disability Services office at the time. The review provided the detailed reasons for her conclusions and her recommendation to deny plaintiff's request for accommodations. Exhibit 8, February 2, 2006, report; Exhibit 21, Affidavit of Catherine Farmer, Psy.D.

28.    Some of Dr. Farmer's findings based upon the documentation plaintiff supplied included:

    a)    Plaintiff's documentation did not demonstrate any clinical impairment in childhood, and did not include any historical evidence of substantial difficulties that would rise to the level of a disability;

    b)    The diagnosis of ADHD appeared to be based largely on self-report and symptom endorsement on ADHD rating scales, but the diagnosis was not supported with evidence of longstanding impairment that could be reliably or specifically tied to ADHD;

    c)    Testing showed that performance on a range of cognitive and academic achievement tasks was well within average range and did not suggest impairment in reading or learning;

    d)    Documentation regarding depression and anxiety was inconsistent at best, and no treating professional had assigned any DSM-IV diagnosis of a mood or anxiety disorder before plaintiff applied for accommodations on the USMLE.

Exhibit 21, Affidavit of Catherine Farmer, Psy.D.

6

29.    On March 13, 2006, Mr. Doane of the NBME sent a letter to plaintiff denying his request for accommodations and explaining the decision in detail.  Exhibit 9.

30.    Plaintiff neither supplemented his application for accommodations nor submitted any other formal request for accommodations to the NBME's Office of Disability Services after his 2005-2006 request.  Exhibit 21, Affidavit of Catherine Farmer, Psy.D.

31.    After the NBME denied his request for accommodations in March 2006, plaintiff continued taking USMLE step exams as shown on Exhibit 17 and Exhibit 26.

**II.    Undisputed Facts Concerning the USMLE's Adoption of the Six Attempt Limit and Plaintiff's Subsequent Testing.**

32.    The USMLE Composite Committee establishes policy for the USMLE Program and is composed of representatives of the Federation of State Medical Boards (FSMB), the National Board of Medical Examiners (NBME), the Educational Commission for Foreign Medical Graduates (ECFMG), and the American public.  Exhibit 22, Affidavit of Gerard F. Dillon, Ph.D.

33.    Before January 1, 2011, the Composite Committee imposed no limit on the number of times an examinee could take any Step of the USMLE.  Rather, the USMLE left it to each state medical board to decide whether or not to impose attempt limits on the USMLE, and the majority state medical boards imposed such limits.  Id.

34.    In August 2011, the USMLE Composite Committee adopted a policy limiting examinees to six attempts to pass any Step or Step Component of the USMLE.  Exhibit 11; Exhibit 22, Affidavit of Gerard F. Dillon, Ph.D.

35.    The six-attempt limit policy became effective on January 1, 2012, for examinees who had not previously taken any Step of the USMLE.  For examinees like plaintiff, who had

7

taken one or more Steps of the USMLE already, the six-attempt limit became effective as of January 1, 2013. Exhibit 11.

36.     The six-attempt limit applies to all examinees, without regard to disability status. If an examinee applies for and receives accommodations in connection with his or her first registration for USMLE Step 1, for example, then he or she would be entitled to accommodations on up to six attempts at Step 1. If an examinee does not apply for or is found not to be entitled to accommodations, then each attempt is made without accommodations. Exhibit 22, Affidavit of Gerard F. Dillon, Ph.D.

37.     Plaintiff had already failed USMLE Step 1 six times when the USMLE Composite Committee adopted the six-attempt limit, but because of the extra year provided to examinees who had already taken one or more Steps of the USMLE, plaintiff had until December 31, 2012, to register again for Step 1. Exhibits 11, 17.

38.     Plaintiff registered and took Step 1 three additional times after the USMLE adopted the six-attempt limit, and he failed each time. Exhibit 17; Exhibit 26; Exhibit 23, R. Katz depo. p. 216-217.

39.     Plaintiff received a diagnosis of bipolar disorder for the first time in March 2013. Exhibit 13, p. NBME/Katz 0079.

40.     Plaintiff had registered for Step 1 on December 7, 2012, before he received the new diagnosis, with an examination eligibility period from June 1, 2013 to November 30, 2013. Exhibit 17.

41.     After he received the new diagnosis but before he took Step 1 again, when he had all of the information that he now claims should be considered, plaintiff could have submitted a new Request for Test Accommodations in conjunction with his then pending USMLE Step 1

8

registration. Plaintiff did not submit a Request for Test Accommodations at that time, and has not submitted a formal request for accommodations in connection with a registration since 2005-2006. Exhibit 21, Affidavit of Catherine Farmer, Psy.D.

42.     Plaintiff took Step 1 on November 12, 2013, and failed. Ex. 13, p. NBME/Katz 0079; Exhibit 26.

43.     On December 18, 2013, plaintiff contacted the NBME's Office of Disability Services by telephone and said that in 2005 he had requested and been denied accommodations based on a diagnosis of ADHD, but the diagnosis of ADHD was incorrect and he had recently been diagnosed with bipolar disorder. Plaintiff said that he had exceeded the test limit on Step 1, and asked what the NBME could do retrospectively about the incorrect diagnosis. Exhibit 12, p. NBME/Katz 0127.

44.     In the December 18, 2013, telephone conversation, the NBME Disability Services representative explained to plaintiff that the Disability Services office could process a request for accommodations based on a current diagnosis only if plaintiff were currently registered for a Step of the USMLE, and that the Disability Services office had nothing to do with attempt limits. The Disability Services representative suggested that plaintiff speak with his registration entity, the Education Commission for Foreign Medical Graduates ("ECFMG"). Id.

45.     On April 1, 2014, plaintiff wrote to the ECFMG, with a copy to the NBME, to "appeal" the six-attempt limit. Plaintiff included selected medical information with his letter, and he followed up by sending additional material to the NBME, including a letter dated April 4, 2014, from Samuel Garloff, D.O., referring to plaintiff's March 2013 hospitalization and diagnosis with bipolar disorder. Dr. Garloff stated that "the previous diagnosis of ADHD was incorrect." Exhibit 13, p. NBME/Katz 0079-0084.

9

46.    On April 8, 2014, the NBME Disability Services office acknowledged to plaintiff that it had received plaintiff's April 1, 2014, letter and related materials, on which it had been copied, and informed plaintiff that it would hold his paperwork in a pending status until he submitted a formal written request for test accommodations. Exhibit 12, p. NBME/Katz 0128.

47.    On April 17, 2014, the USMLE Secretariat wrote to plaintiff and acknowledged that it had received his April 1, 2014, letter to the ECFMG and related materials, and told plaintiff it could not grant his request for an additional attempt on Step 1 beyond the six-attempt limit and explained to plaintiff that the only exception to the six-attempt policy is "to allow examinees who have six or more attempts at a Step or component to have an additional attempt if so requested by a state medical board that is fully informed of the individual's prior examination history." Exhibit 13, p. NBME/Katz 0088.

48.    On April 20, 2014, plaintiff wrote to the NBME Disability Services office and explained that he could not submit a formal request for accommodations on Step 1 because of the six-attempt limit. Exhibit 14.

49.    Plaintiff requested that the Pennsylvania Medical Board intercede on his behalf to request an exception to the six-attempt limit, but on May 19, 2015, the Pennsylvania Medical Board denied his request. Exhibit 15, 16; Exhibit 20, at p. NBME/Katz 0277.

50.    Plaintiff initiated this lawsuit on June 17, 2015.

**RESPECTFULLY SUBMITTED,**

/s/ Michael E. Sacks
Neil J. Hamburg
Michael E. Sacks
HAMBURG & GOLDEN, P.C.
Pa. I.D. Nos. 32175, 39774
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443

10

(215) 255-8590
hamburgnj@hamburg-golden.com
sacksme@hamburg-golden.com

Attorneys for Defendants,
The National Board of Medical Examiners and the
Federation of State Medical Boards of the United
States

11

# EXHIBIT 1



1004784    0-631-475-1
Step 2 CK Request Form

# UNITED STATES MEDICAL LICENSING EXAMINATION™ (USMLE™)

RECEIVED

## Step 1 and Step 2 Clinical Knowledge
## Applicant's Request for Test Accommodations

JUL 0 7 2005

Disability Services

You MUST provide supporting documentation verifying your functional impairment.
In order to document your need for accommodation as completely as possible, please attach:

• Evaluation reports of appropriate professionals printed on letterhead and signed by the evaluator(s)
• Primary documentation (report cards, teacher notes, behavioral observations, medical records, lab reports, etc.)
• A personal statement describing your disability and it's impact on your daily life and educational functioning. Do not confine your comments to standardized test performance; rather discuss your overall functioning.
• Read documentation information on page 4.

Please note: NBME will acknowledge receipt of your request and audit your request for completeness. Submission of incomplete or illegible request forms and/or insufficient supporting documentation will slow the processing of your request. You may be asked to complete your request in a timely manner by submitting additional documentation.

Information regarding the granting or denial of test accommodations will not be released via telephone. All official communications regarding your request will be made in writing. Should you wish to modify or withdraw a request for test accommodations, please contact Disability Services at 215-590-9509.

Please type or print.

Accommodations are requested for the following Step examination (Use a separate form for each exam):

☐ Step 1    ☑ Step 2 Clinical Knowledge    ☐ Step 2 Clinical Skills    Year: _2005_

## Section A: Biographical Information

1. Name: __Katz__                    __Richard__                    __D__
   Last                              First                          Middle Initial

2. Gender:    ☑Male        Female

3. Date of Birth: _____

4. SS# _ _ _ — _ _ — _ _ _ _          5. USMLE # _0_ - _6_ _3_ _1_ . _4_ _7_ _5_ . _1_
        (if known)

6. Address: __90-50 Union Tpke. Apt. 184__
   Street
   __Glendale__                          __NY__          __11385__
   City                                  State/Province   Zip/Postal Code
   __USA__
   Country
   __(718) 974-3718__
   Daytime Telephone Number
   __(718) 847-2823__
   Alternate Telephone Number

   E-mail address
   __Cat2400 @ msn. com__

7. Medical School: __St. Christopher's College of Medicine__

(Over)

DEFENDANT'S
EXHIBIT
1

RECEIVED
ECFMG

JUL 0 5 2005

R&C

NBME/Katz 0166

S.A. 56

**Section B: Nature of Disability**

8. Indicate the **nature of the disability** and the year it was first professionally diagnosed (select all that apply):

Sensory Impairments:

☐ Hearing Disability  _____          ☐ Visual Disability  _____

Learning Impairments:

☐ Reading Disability  _____          ☐ Writing Disability  _____

☐ Mathematics Disability  _____          ☐ Other:  _____

Language Impairments:

☐ Receptive Language Disorder  _____          ☐ Expressive Language Disorder  _____

☐ Mixed Receptive/Expressive Language Disorder  _____          ☐ Other:  _____

Medical Impairments:

☐ Mobility/Motor  _____          ☐ Diabetes/Thyroid Dysfunction  _____

☐ Epilepsy/Neurological  _____          ☐ Other:  _____

Mental Health /Executive Function Impairments:

☑ Anxiety Disorder  _____          ☑ Mood Disorder/ Depression

☑ Attention Deficit Hyperactivity Disorder  *2005*          ☐ Other:  _____

**Section C: Accommodations Information**

10. What accommodation(s) are you requesting? Accommodation(s) must be appropriate to the disability:

*Additional Break Time — over 2 days*

*Additional Testing Time — Double Time*

_____

11. If you are requesting additional testing or break time, please indicate the amount of time requested (circle no more than one per Step).

**STEP 1:**

☐ Additional Break Time over 1 day          ☐ Additional Break Time over 2 days
☐ Additional Testing Time – Time and one-half          ☐ Additional Testing Time – Double Time
☐ Other (please specify): _____

(Continued on the next page)

RECEIVED

JUL 0 7 2005

Disability Services

NBME/Katz 0167

S.A. 57

**STEP 2:**

☑ Additional Break Time over 2 days       ☐ Additional Testing Time – Time and one-half

☑ Additional Testing Time – Double Time

☐ Other (please specify): _____

12. Do you require wheelchair access at the examination facility?

     ☐ yes      ☑ no

If you require an adjustable height table, please indicate the number of inches from the floor: _____

## Section D:  Accommodation History

13. Prior classroom or test accommodations that you have received:

A.  Standardized Examinations      ☐ yes      ☑ no

        **Medical College Admission Test (MCAT):**

        Month/Year _____

        Accommodation received _____

        (If extra time, note amount given _____)

        **Other:**

        Month/Year _____

        Accommodation received _____

        (If extra time, note amount given _____)

B.  Medical School      ☐ yes      ☑ no

     Accommodation received _____

     Date Approved _____

     **If yes, have an appropriate official at your medical school complete the Certification of Prior Test Accommodations form.**

C.  College      ☑ yes      ☐ no

     If yes, accommodations received *Extended Time for Exams*

D.  Secondary or elementary school      ☑ yes      ☐ no

     If yes, accommodations received *Exempt during Class time for Speech Therapy with Speech pathologist Weekly.*

         (Over)

RECEIVED

JUL 0 7 2005

Disability Services

3

NBME/Katz 0168

14. Authorization:

I authorize the National Board of Medical Examiners ( NBME) to contact the entities identified in Section D of this request form, and the professionals identified in the documentation I am submitting in connection with it, to obtain any or all of the following: confirmation, clarification, and/or further information. I authorize such entities and professionals to provide NBME with all requested confirmation, clarification, and further information.

Signature: _____     Date: _06/06/05_

**DO NOT SUBMIT:**
- Original documents; keep the original and submit a copy
- Research articles, resumes, curriculum vitas
- Handwritten letters from physicians or evaluators
- Handwritten letters from physicians or evaluators
- Documentation previously submitted to Disability Services
- Documentation previously submitted to your registration entity
- Previous correspondence from Disability Services
- Multiple copies of documentation (i.e., faxed and mailed copies of a document)
- Staples, clips, binders, page protectors, folders, or similar items

*Please note that submitting duplicate documentation and/or bound documentation may delay a decision regarding your request as all documentation must be processed.*

**DO SUBMIT:**
- Legible copies
- All documents in English. You are responsible for providing certified English translations of foreign-language documentation
- Typed or printed letters and reports from evaluators
- Documentation from childhood if you are requesting accommodations based on a developmental disorder, i.e. LD, ADHD, Dyslexia
- Documentation of your functional impairment in activities beyond test-taking
- Documentation of your functional impairment beyond self-report

**Mail your completed questionnaire and documents to:**

**Students / Graduates of US & Canadian Medical Schools**
**Testing Coordinator, Disability Services, National Board of Medical Examiners,**
**3750 Market Street, Philadelphia, PA 19104-3190.**
**215-590-9509**

**Students / Graduates of International Medical Schools**
**Test Accommodations Coordinator, Educational Commission for Foreign Medical Graduates**
**3624 Market Street, Philadelphia, PA 19104 USA.**

**Please keep a copy of your completed request form for your records.**

4

NBME/Katz 0169

# EXHIBIT 2

# UNITED STATES MEDICAL LICENSING EXAMINATION™ (USMLE™)

## Step 2 Clinical Skills
## Applicant's Request for Test Accommodations

In order to submit a request for test accommodations for USMLE Step 2 CS :

- Complete and submit the USMLE Step 2 CS Registration form Parts A and B

- Review the current Content Description and General Information available at www.usmle.org. This information will orient you to the exam format.

- Complete the Step 2 CS Applicant's Request for Test Accommodations.

In order to have your request processed without delay you MUST:

1. Provide supporting documentation verifying your functional impairment. Supporting documentation should be submitted unbound. Please see documentation submission information on page 5. In order to document your need for accommodation as completely as possible, please attach:

- Evaluation reports of appropriate professionals printed on letterhead and signed by the evaluator(s). Psychoeducational testing should be reported using age norms for all measures where available.

- Primary documentation (report cards, teacher notes, behavioral observations, medical records, etc.)

- A personal statement describing your disability and its impact on your daily life and educational functioning. Do not confine your comments to standardized test performance. Please discuss your overall functioning in both academic and non-academic settings.

2. Provide specific request(s) for test accommodations:

- Test accommodations may be provided on one or more section of Step 2 CS. Sections of the exam include:

   1. Exam orientation     2. Patient encounter     3. Patient note

- You must document a functional impairment that substantially impacts the tasks required for a specific section of the examination in order to be considered for accommodations on that section of the examination.

Please note these Important facts:

- NBME will acknowledge receipt of your request and audit your documentation for completeness. If your request does not include sufficient documentation of a current substantial functional impairment to warrant review, you will receive written notice of the documentary deficiencies and will be required to provide additional documentation.

- Submitting insufficient documentation with your request for test accommodations may substantially lengthen the decision making process regarding your request.

- Information regarding the granting or denial of test accommodations will NOT be released via telephone. All official communications regarding your request will be made in writing. Should you wish to modify or withdraw a request for test accommodations, please contact Disability Services at 215-590-9509.

   All official communications regarding requests for test accommodations, including final decisions, will be communicated in writing only.

JUL 0 7 2005

Disability Services

RECEIVED ECFMG
JUL 0 5 2005
R&C

DEFENDANT'S EXHIBIT 2

NBME/Katz 0208

S.A. 61

RECEIVED
ECFMG

JUL 0 5 2005

R&C

**Please type or print legibly.**

**Section A: Biographical Information**

1. Name: _Katz_               _Richard_          _D._
          Last                First           Middle Initial

2. Gender:      ✓Male        Female

3. Date of Birth: _____

4. SS# _ _ _ _ _ _ _ _ _ _        5. USMLE # _0_-_6_3_1_-_4_7_5_-_1_
      (if known)

5. A. Permanent
       Address: _90-50 Union Tpke. Apt. 18H_
               Street
         _Glendale_            _NY_         _11385_
             City                  State/Province      Zip/Postal Code
         _USA_
            Country
         _(718) 974-3718_
         Daytime Telephone Number
         _(718) 847-2823_
         Alternate Telephone Number

         E-mail address _Cat2400@ MSN. Com_

   B. Temporary/       Use this address from: _ _/_ _/_ _ _ _ to _ _/_ _/_ _ _ _
      Mailing
      Address: _____
            Street
         _____
         City                  State/Province      Zip/Postal Code
         _____
         Country
         _____
         Daytime Telephone Number
         _____
         Alternate Telephone Number
         _____
         E-mail address

6. Medical School: _St. Christopher's College of Medicine_

1004785     0-631-475-1
Step 2 CS Request Form

RECEIVED

JUL 0 7 2005

Disability Services

NBME/Katz 0209

**Section B: Nature of Disability**

7. Indicate the **nature of the disability** and the year it was first professionally diagnosed (select all that apply):

Sensory Impairments:
☐ Hearing Disability _____        ☐ Visual Disability _____

Learning Impairments:
☐ Reading Disability _____

☐ Writing Disability _____        ☐ Other: _____

Language Impairments:
☐ Receptive Language
  Disorder _____                   ☐ Expressive Language
                                        Disorder _____

☐ Mixed Receptive/Expressive
  Language Disorder _____           ☐ Other: _____

Medical Impairments:
☐ Mobility/Motor _____             ☐ Diabetes/Thyroid
                                        Dysfunction _____

☐ Epilepsy/Neurological _____      ☐ Other: _____

Mental Health /Executive
Function Impairments:
☑ Anxiety Disorder

☑ Attention Deficit
  Hyperactivity Disorder  _2005_      ☑ Other:  _depression_

**Section C: Accommodations Information**

- Accommodation(s) must be appropriate to the disability

- For each accommodation requested indicate the section(s) of the examination you believe is affected (i.e., orientation, patient encounter, patient note)

- If you are requesting additional testing or break time, please indicate the amount of additional time requested in minutes (DO NOT indicate time in multiples of standard time, such as time and one half, double time, etc.)

8. What accommodation(s) are you requesting?

A. Section of Exam:  _Patient Note._

Accommodation Requested:  _20 minutes_

RECEIVED

JUL 0 7 2005

Disability Services

3

B.  Section of Exam: _____

    Accommodation Requested: _____

C.  Section of Exam: _____

    Accommodation Requested: _____

9.  Do you require wheelchair access at the examination facility?

    ☐ yes         ☑ no

    If you require an adjustable height table, please indicate the number of inches from the floor: _____

## Section D:  Accommodation History

10.  Prior classroom or test accommodations that you have received:

A.  Standardized Examinations     ☐ yes     ☑ no

      **Medical College Admission Test (MCAT):**

      Month/Year _____

      Accommodation received _____

      (If extra time, note amount given _____)

      **Other:**

      Month/Year _____

      Accommodation received _____

      (If extra time, note amount given _____)

B.  Medical School     ☐ yes     ☑ no

      Accommodation received

      Clinic: _____

      Classroom: _____

      Date Approved _____

    **If yes, have an appropriate official at your medical school complete the Certification of Prior Test Accommodations form.**

C.  College     ☑ yes     ☐ no

    If yes, accommodations received _____*Extended Exam Time*_____

4

NBME/Katz 0211

D.   Secondary or elementary school            ☑ yes            ☐ no

If yes, accommodations received *Exempt From Class Room Time Weekly* 
*For Speech Training / Pathology*

11.  **Authorization (You must sign and date this item in order to have your request processed)**

I authorize the National Board of Medical Examiners (NBME) to contact the entities identified in Section D of this request form, and the professionals identified in the documentation I am submitting in connection with it, to obtain any or all of the following: confirmation, clarification, and/or further information. I authorize such entities and professionals to provide NBME with all requested confirmation, clarification, and further information.

Signature: _~signature~_ , M.D.        Date: **06/06/05**

---

**DO NOT SUBMIT:**
- Original documents; keep the original and submit a copy
- Research articles, resumes, curriculum vitas
- Handwritten letters from physicians or evaluators
- Handwritten letters from physicians or evaluators
- Documentation previously submitted to Disability Services
- Documentation previously submitted to your registration entity
- Previous correspondence from Disability Services
- Multiple copies of documentation (i.e., faxed and mailed copies of a document)
- Staples, clips, binders, page protectors, folders, or similar items

*Please note that submitting duplicate documentation and/or bound documentation may delay a decision regarding your request as all documentation must be processed.*

**DO SUBMIT:**
- Legible copies
- All documents in English  You are responsible for providing certified English translations of foreign-language documentation
- Typed or printed letters and reports from evaluators
- Documentation from childhood if you are requesting accommodations based on a developmental disorder, i.e. LD, ADHD, Dyslexia
- Documentation of your functional impairment in activities beyond test-taking
- Documentation of your functional impairment beyond self-report

---

**Mail your completed questionnaire and documents to:**

Students / Graduates of US & Canadian Medical Schools
Testing Coordinator, Disability Services, National Board of Medical Examiners,
3750 Market Street, Philadelphia, PA 19104-3190.
215-590-9509

Students / Graduates of International Medical Schools
Test Accommodations Coordinator, Educational Commission for Foreign Medical Graduates
3624 Market Street, Philadelphia, PA 19104 USA.

Please keep a copy of your completed request form for your records.

---

RECEIVED

JUL 0 7 2005

Disability Services

5

NBME/Katz 0212

# EXHIBIT 4



National Board of Medical Examiners®
3750 Market Street
Philadelphia, PA 19104-3102
215.590.9500



1004788    0-631-475-1
Step 2 CK-Acknowledgement

-Confidential-

July 7, 2005

Richard Denis Katz
9050 Union Turnpike  Apt 18-H
Glendale, NY 11385

RE: USMLE Step 2 CK                    USMLE ID#: 0-631-475-1

Dear Mr. Katz:

The National Board of Medical Examiners (NBME) processes requests for test accommodations on behalf of the United States Medical Licensing Examination (USMLE) program.  We have received your request for test accommodations for Step 2 Clinical Knowledge (CK).  This letter serves as your acknowledgement that the processing of your request has begun.

We will review the documentation received with your request and will contact you if any additional information is necessary.  You can find information about test accommodations on USMLE and guidelines for submitting requests at www.usmle.org.  When our review of your request is complete, you will be advised in writing of the decision.

Please note that if your eligibility period begins before a decision regarding your accommodations is made, we will extend your eligibility period for a full three months.  You may decline this extension in your eligibility period, by contacting your case coordinator.

**To protect your confidentiality, we do not provide information concerning the decision by telephone.**  However, if you have any other questions, you may call me at (215) 590-9509.

Sincerely,

*MLFuentes*

Maria L. Fuentes
Case Coordinator, Disability Services

Disability Services
215-590-9509
215-590-9422 (Fax)



DEFENDANT'S
EXHIBIT
4

NBME/Katz 0165

# EXHIBIT 7

[ Incoming Phone Contact - Maria L. Fuentes - July 25, 2005 ]
He called with questions re: IDOCs. He said he submitted high school documents. He said he called his
grade school and he said for K - 6th grade they have none in file anymore. They referred him to his junior
h.s. He said he will have to physically go to the junior high because it is summer time and there is hardly
anybody picking up the phones. He will try his best , hopefully they will be able to provide him his grades.
He said he will ask his fiance and a friend to write letters of support.

He also said that he cannot afford to go through and submit another evaluation for anxiety and
depression. He said evaluation for these disabilities and ADHD were included in the evaluation report that
was submitted.



NBME/Katz 0107

[ Incoming Phone Contact - Maria L. Fuentes - August 01, 2005 ]
He called to tell me that he will be able to fax his letters from his fiance and a friend. But his Junior HS
reports will not be coming until after the 6th of September because the school is closed for the summer.
He was concerned about his EP, and so I explained to go ahead and send me the letters and if/when his
EP is close to ending, we can change his EP to the next month.

NBME/Katz 0108

[ Incoming Phone Contact - Maria L. Fuentes - September 29, 2005 ]
He left a message in my vm saying that he is still waiting for documents from NY Hospital. and his school.
He is also requesting to have his USMLE # be changed ASAP because he is afraid that it was stolen.

[ Incoming Phone Contact - Maria L. Fuentes - September 29, 2005 ]

NBME/Katz 0102

[ Outgoing Phone Contact - Maria L. Fuentes - September  29, 2005 ]
I left two messages at his two phone numbers asking him to call me asap because it is quite urgent. I said that I got his message about him still waiting for documents from NY Hospital and his school, and changing his USMLE ID#. I said that because his EP for Step 2 CK will expire tomorrow, he will have to send us at least one of the documents required in the letter dated 7/15 by tomorrow. If we do not receive anything from him by tomorrow, we will release his hold and he will get his standard permit. Because his EP's expiration is already tomorrow, at this point if he wants to extend his EP, he will have to contact ECFMG and request for an extension.

As far as changing his USMLE ID#, I said he will have to contact Applicant Services and explain his situation with them because they may require some kind of documentation from him.

NBME/Katz 0103

[ Outgoing Phone Contact - Maria L. Fuentes - September  29, 2005 ]
I called and left him another message again because I realized that he needs to call ECFMG regarding his
request to change his USMLE ID#.

[ Outgoing Email Notation - Maria L. Fuentes - September 29, 2005 ]
From: Maria Fuentes
Sent: Thursday, September 29, 2005 10:35 AM
To: Maria Fuentes; 'Dahn, Susan'; 'MMcAvinue@ecfmg.org'
Cc: Amulya Yalamanchili
Subject: RE: Richard Katz, 0-631-475-1

By the way, here is his number in case you want to speak with him. It is (718)974-3718.

Maria

From: Maria Fuentes
Sent: Thursday, September 29, 2005 10:30 AM
To: 'Dahn, Susan'; 'MMcAvinue@ecfmg.org'
Cc: Amulya Yalamanchili
Subject: Richard Katz, 0-631-475-1

Mr. Katz left me a message about waiting for documents. He also requested to have his USMLE ID # be
changed because he suspects that it is stolen. I called and left a message asking him to call ECFMG.

Thanks.
Maria

NBME/Katz 0105

[ Incoming Phone Contact - Maria L. Fuentes - September 29, 2005 ]
He returned my call and said he will fax some documents over today. He said he did not realize his EP
expires tomorrow. And he asked for ECFMG's phone number again to request for a new USMLE #.

NBME/Katz 0106

[ Outgoing Phone Contact - Maria L. Fuentes - November  01, 2005 ]
I left a message wondering if he was able to obtain records from K-6th grade. I also asked him to clarify
that he is removing Depression and Anxity as disorder in his application for TA. I also need to know if he is
sending a letter from NY Hospital. He mentioned this on 9/29 (See TARA Note in Step 2 CK).

NBME/Katz 0109

[ Incoming Phone Contact - Maria L. Fuentes - November 01, 2005
he returned my call. He said he exhausted all means to obtain his school records. He said he can not
obtain them. But he said he will see his Psychologist this Saturday and will talk to him about his
depression and anxiety. He is also not sure if there will be a letter from NY Hospital coming. He said he
will let me know if he will claim anxiety and depression.

NBME/Katz 0110

[ Incoming Phone Contact - Maria L. Fuentes - November 17, 2005 ]
Richard left a message in my voice mail. He said his evaluator said that psychological testing was done already from St. John and that not much he can do in validating his diagnosis of ADHD. He also said that if he wants to take more neuropsych testing, the insurance will not cover it. So he will not be able to undergo anymore testings. As far as depression and anxiety, he said that will be faxed to us by early next week including a letter from NY Hospital. He said he has no other documents regarding his childhood, everything is lost. He wants me to call him at (718) 974-3718 if I have any questions. He said his file should be complete by next week before Thanksgiving, and should be ready to submit for review.

NBME/Katz 0111

[ Incoming Phone Contact - Maria L. Fuentes - November 28, 2005 ]
Dr. Katz called folowing up on his file. I said that I received his vm last 11/17 and acocrding to his vm I am to receive a fax from NY Hospital. I said the last documents that we have was received on 9/29, a letter from him, Grisel Rodriguez, Devon Foster, and CAP Achievement Series. He said there will be two more letters coming: Dr. Kreditor, treating physician for depression affiliated with NY Hospital; and Dr. Holtz, Psychologist. He said there will be no other documents after those two because he has no other childhood documents. I said, I will call him as soon as I received the alst of the two letters and will ask him to send me a short note saying that there are no documents coming and to submit his file for review.

NBME/Katz 0112

[ Outgoing Phone Contact - Maria L. Fuentes - November 30, 2005 ]
Left a message informing him that the letters from Dr. Kreditor and Dr. Holtz are in. From the last
conversation with him, I said I will ask him to send me a short note indicating that there are no other
documents coming in and to submit his file for review. I also asked him to clarify if he is including
depression and anxiety because he mentioned in his letter dated 8/30 that he is attempting to validate a
diagnosis of ADHD as the primary disability. He mentioned in the letter that he does not have the financial
resources to take further testing for depression and anxiety.

NBME/Katz 0113

[ Outgoing Phone Contact - Maria L. Fuentes - December 05, 2005 ]
I spoke with him. He siad he was just about to call me. He said he searched high and low for his childhood records but they are gone. He said the "Record Lady" named Lucia from his junior high school will send me a letter to that effect. He said at least a letter from her explaining his situation might help. Then I asked him to send me a letter saying that there are nomore documents coming in. I also asked him to clarify that he is including depression and anxiety as claimed disorders although he could not go through further testings due to financial resources. He also said that the letter from his psychologist indicated that no futher testing his necessary.

NBME/Katz 0114

[ Outgoing Phone Contact - Maria L. Fuentes - December 12, 2005 ]
I left a message just informing him that we have not received any letter from "Lucia". I reminded him that his EP will expire at the end of the month. If he wants me to submit his file without Lucia's letter, I asked that he send me a letter and also to clarify that he is including depressiona and anxiety even without comprehensive eval because of financial reasons.

NBME/Katz 0115

[ Incoming Phone Contact - Maria L. Fuentes - December 15, 2005 ]
He called asking for my email address. I gave him our shared DS email address. Then he asked if the
letter from Lucia came in yesterday. I said no and nothing today neither. He said he is sending a letter via
email to me and asked me to wait up to the end of today for Lucia's letter. He will call her again. If we do
not receive her letter by the end of today, he asked that I submit his file for review tomorrow.

NBME/Katz 0116

[ Incoming Email Notation - Maria L. Fuentes - December 15, 2005 ]
From: RICHARD KATZ [mailto:cat2400@msn.com]
Sent: Thursday, December 15, 2005 10:08 AM
To: disabilityservices
Cc: cat2400@msn.com
Subject: ATT: Maria Fuentes Disability Coordinator

Dear Maria:


Here is the final document requesting submission of my file to the NBME
committe for accomodation.

Thanks for all your help!


Richard Katz

NBME/Katz 0117

[ Outgoing Email Notation - Maria L. Fuentes - December 15, 2005 ]
From: disabilityservices
Sent: Thursday, December 15, 2005 11:03 AM
To: 'RICHARD KATZ'
Subject: RE: Maria Fuentes Disability Coordinator

Dear Mr. Katz,

Thank you for your letter. As we have agreed, I will wait for Ms. Lucia's letter up to the end of business day
today. Whether she sends her letter or not, you have instructed me to submit your file for review tomorrow.

Please feel free to call if you have any questions.

Sincerely,
Maria Fuentes

NBME/Katz 0118

[ Outgoing Phone Contact - Gregory Baker - December 21, 2005 ]
0910, ~10 min conversation. Called Dr. Kreditor regarding additional information. He stated that he will not provide additional information, as he had seen the patient 3-4 times, and his letter addressed the diagnoses he made on the history presented to him. I asked if the examinee had shared our 15 Jul 05 letter with him, Dr. Kreditor stated he was not sure, but believed he may have.

I asked him if he had reviewed the guidance on our web site, he stated he had not. I informed him that these documents provide guidance on the types of documentation that are helpful in determinations of nonstandard administrations. I informed him that more information about the criteria used to make the diagnoses, as well as facts about day-to-day functional impairment would be helpful in determining appropriateness of accommodations.

Dr. Kreditor again stated that he does not have further information to share. He added that his diagnoses are based on his patient's report of history, and DSM criteria were met. I informed him that details about how the examinee's behavior or symptoms met each criteria is often helpful, e.g., like how criterion A for ADHD was met.

Dr. Kreditor reiterated that he would not be providing further information based on this phone contact. He stated that he had made the diagnoses using the DSM. He added that he did not conduct testing, and that his diagnosis is a clinical one, thus he did not have facts to share, and reccommended we consult with a psychologist if that was the data that we required. He concluded by suggesting that if we wanted more information we could fax him a list of questions (e.g., "how long can he sit still for?," and he would be happy to address such specific questions. I thanked him for his time.

I informed the DS manager of the reccommendation that we fax a list of questions. This was deemed atypical and not a standard processing procedure.

NBME/Katz 0119

[ Outgoing Phone Contact - Gregory Baker - December 21, 2005 ]
~ 0920, Attempted to contact Dr. Holtz. Left voicemail for him to return call.

NBME/Katz 0120

[ Outgoing Phone Contact - Gregory Baker - December  27, 2005 ]
0920, Left another message for Dr. Holtz to return call. If no contact in a week, will resubmit to DS
manager.

NBME/Katz 0121

[ Incoming Phone Contact - Gregory Baker - January 03, 2006 ]
Received voicemail, left on 2 Jan 06 @ 337 pm from Dr. Holtz, returning call. 631-427-6669.

Left message for Dr. Holtz @ 0830.

[ Incoming Phone Contact - Gregory Baker - January 03, 2006 ]

~1230, Dr Holtz left another message. I tried again ~ 130, left message. He called and I answered at
210pm. 10-15 min conversation.

Requested Dr. Holtz provide additional information to supplement his letter, re: depression / anxiety
diagnoses, dsm criteria for these diagnoses, and current functional impairment of same. Dr. Holtz stated
he would be glad to, however, he stated he had only seen examinee 4 times at the time he wrote this
letter. He stated it was difficult to be both objective and an advocate for his client. He added he would feel
more comfortable if he could conduct testing himself on examinee. I stated that was between him and his
client, and repeated what would be helpful for our determination re: accom request would be information
leading to diagnosis and current fucntional impairment, particularly with respect to depression and anxiety.
I asked if examinee had shared IDOCS letter / or website. Dr. Holtz stated he was not sure, maybe he had
seen the letter, but had not seen website. I referred him to the website for guidance, and informed him we
recommend all examinees share website / IDOCS letters with evaluators. Dr. Holtz asked whether
examinee had requested accoms already, and I informed him that this was an ongoing request. He stated
he would send more info in about a week, I provided the FAX and thanked him for his time.

[ Outgoing Phone Contact - Gregory Baker - January 12, 2006 ]
Have not recieved additional clarification from Dr. Holtz as of this date. Left voicemail for Dr. Holtz,
reminding him that he had stated he would provide additional info via fax, as of yet we have yet to receive,
and processing of examinee's request was pending this additional information. Left voice number and fax
for DS at NBME.

NBME/Katz 0123

| From: | irivera@nbme.org | Sent: | 01/23/2006 11:40:48 AM |
|---|---|---|---|
| To: | catherine_farmer@URMC.rochester.edu | Created: | 01/23/2006 11:39:53 AM |
| Cc: | disabilityservices@nbme.org,ayalamanchili@nbme.org | Employee: | Ivelisse Rivera |
| Subject: | For your review | | |

Hi,

I have forwarded a file (R.K.) for your review.
The following is your User ID and the URL of the Consultant online review system:

User ID: cfarmer

URL: https://external1.nbme.org/consultantweb/prod/jsp/LoginMain.jsp

Please click on the URL above or enter it into your browser to access to the Consultant Web Login screen and use the User ID to log in to the online review system or to request a password if you do not have one.

Please complete your review no later than 01/30/2006.

If you have questions regarding the online registration system, please call Ivelisse Rivera at the National Board of Medical Examiners at 215-590-9214.

Page 1 of 1

NBME/Katz 0124

[ Incoming Phone Contact - Maria L. Fuentes - March  08, 2006 ]
He left a message asking about the status of his request. He said he sent in his documents months ago.

[ Outgoing Phone Contact - Maria L. Fuentes - March  09, 2006 ]
I returned his call but left a message. I said that we are at the final stages and to feel free to call me if he
has any other questions.

NBME/Katz 0126

# EXHIBIT 10

*Decision(s) Regarding Accommodations Requested*

**Katz, Richard Denis**        USMLE ID#: 0-631-475-1    **USMLE Step 2 CS**

*Declared Disability*
Learning Disability:  Attention deficit disorder
Mental Disorders:  generalized anxiety disorder
Mental Disorders:  depression

Time or Breaks Requested:

| *Code* | *Accommodation* | *Requested* | *Approved* |
|--------|-----------------|-------------|------------|
| 075 | Additional  20 minutes for patient note | Y | ↲ |

*Special Instructions:*

*Decision Maker*                    *Date of Decision*

_____             ɔⁱ⁷ɭ06



DEFENDANT'S
EXHIBIT
10

NBME/Katz 0131

## *Decision(s) Regarding Accommodations Requested*

**Katz, Richard Denis**          USMLE ID#: 0-631-475-1          USMLE Step 2 CK

*Declared Disability*
Learning Disability:  Attention deficit disorder
Mental Disorders:  generalized anxiety disorder
Mental Disorders:  depression

| Time or Breaks Requested: | double time |
|---|---|

| *Code* | *Accommodation* | *Requested* | *Approved* |
|---|---|---|---|
| 001 | extra time | Y | N |
| 006 | additional break time | Y | N |

*Special Instructions:*

*Decision Maker*                                        *Date of Decision*

3/7/06

NBME/Katz 0132

# EXHIBIT 11

**New attempt limit for USMLE examinations**
The USMLE Program is introducing a limit on the total number of times an examinee can take the same Step or Step Component. When this limit takes effect, an examinee will be ineligible to take a Step or Step Component if the examinee has made **six or more prior attempts** to pass that Step or Step Component, including incomplete attempts.
Posted August 25, 2011 [-] Click HERE to close announcement

The effective date for the six-attempt limit depends upon whether an examinee has taken any Step or Step Component (including incomplete attempts) before January 1, 2012.

• **Examinees who have NOT taken any Step or Step Component before January 1, 2012**
If you have not taken any Step or Step Component before January 1, 2012, the six-attempt limit will go into effect for all exam applications that you submit on or after January 1, 2012.
**Example 1:** On January 15, 2012, Examinee A submits his application for his first attempt at any Step or Step Component. The six-attempt limit will be effective at that time for all Steps and Step Components and Examinee A will be allowed to take each Step or Step Component no more than six times, including incomplete attempts.

• **Examinees who have taken any Step or Step Component before January 1, 2012**
If you have taken any Step or Step Component (including incomplete attempts) before January 1, 2012, the six-attempt limit will go into effect for all exam applications that you submit on or after January 1, 2013. After that date, all attempts at a Step or Step Component will be counted toward the limit, regardless of when the exams were taken.
**Example 2:** Examinee B's application for a seventh attempt at a particular Step or Step Component is received on December 15, 2012. For this examinee, the six-attempt limit will not prevent the seventh attempt, since the application was submitted before January 1, 2013. However, if Examinee B fails the exam, he will not be eligible to submit an application after January 1, 2013 to retake that Step or Step Component.
**Example 3:** Examinee C attempts to submit an application for a seventh attempt at a particular Step or Step Component on or after January 1, 2013. The application will not be processed, since all exam applications submitted on or after January 1, 2013 will be subject to the six-attempt limit.



DEFENDANT'S
EXHIBIT

11

NBME/Katz 0218

# Announcements 



## Attempt limit for USMLE examinations
**Posted: June 20, 2012**

Examinees who have made six or more attempts to pass a Step or Step component, including incomplete attempts, should be aware that all applications to register for additional attempts will not be processed unless they are submitted on or before **December 31, 2012**. This limit was first announced in August of 2011.

The effective date for the six-attempt limit depends upon whether an examinee has taken any Step or Step Component (including incomplete attempts) before January 1, 2012.

**• Examinees who had NOT taken any Step or Step Component before January 1, 2012**

If you did **not** take any Step or Step Component before January 1, 2012, the six-attempt limit went into effect for all exam applications that you submitted on or after January 1, 2012.

**Example 1:** On January 15, 2012, Examinee A submits his application for his first attempt at any Step or Step Component. The six-attempt limit is effective at that time for all Steps and Step Components and Examinee A will be allowed to take each Step or Step Component no more than six times, including incomplete attempts.

**• Examinees who have taken any Step or Step Component before January 1, 2012**

If you have taken **any** Step or Step Component (including incomplete attempts) before January 1, 2012, the six-attempt limit is in effect for all exam applications that you submit on or after January 1, 2013. After that date, all attempts at a Step or Step Component will be counted toward the limit, regardless of when the exams were taken.

**Example 2:** Examinee B's application for a seventh attempt at a particular Step or Step Component is received on December 15, 2012. For this examinee, the six-attempt limit will not prevent the seventh attempt, since the application was submitted before January 1, 2013. However, if Examinee B fails the exam, he will not be eligible to submit an application after January 1, 2013 to retake that Step or Step Component.

**Example 3:** Examinee C attempts to submit an application for a seventh attempt at a particular Step or Step Component on or after January 1, 2013. The

**NBME/Katz 0219**

application will not be processed, since all exam applications submitted on or after January 1, 2013 will be subject to the six-attempt limit.

Please refer to the *Bulletin of Information* for more complete information on time and attempt limits.

NBME/Katz 0220

# EXHIBIT 12

[Susan Conroy - December 18, 2013]
Examinee: Katz, Richard Denis
USMLE ID: 0-631-475-1
Exam: Step 2 CS

Richard called and said that he would like to speak to Maria Fuentes. I told him that she is no longer with the department and I asked how I could help him. He explained that he was denied accommodations in 2005 based on ADHD and he said that ADHD was an incorrect diagnosis and that he now has been diagnosed with bipolar disorder. He asked what we can do retrospectively, going back in time about that incorrect diagnosis. He said that he has exceeded the attempt limit and wants to take Step 1. I explained that DS can process a request for test accommodations based on a current diagnosis but that he needs to be registered for the exam. I explained that DS has nothing to do with the attempt limits. I explained that regarding his registration, he needs to speak with ECFMG. He asked who he should speak to and I said that perhaps he can start with the registration department or go to the ECFMG website and look for contact information. He asked what we can do for him retrospectively going back in time about his previous Step 1 request. I said that we processed his request based on the information that he provided us at the time. I again said that we would be happy to process a new request but that he needs to be registered. He said that he has not exceeded that attempt limit for Step 2 and he asked about that. I said that if he registers for Step 2 then we would be able to process his request. He again asked what we can do about his previous file with Maria Fuentes - retrospectively and going back in time. I again explained that we processed that request based on the information that he provided at that time and that we will process any new requests based on a current disability but that he must be registered for an exam in order for us to process a request.



DEFENDANT'S
EXHIBIT
saber
12

NBME/Katz 0127

# TAR Manual Email

| | | | |
|---|---|---|---|
| **From:** | disabilityservices@nbme.org | **Sent:** | 04/08/2014 09:49:42 AM |
| **To:** | cat2400@msn.com | **Created:** | 04/08/2014 09:48:13 AM |
| **Cc:** | | **Employee:** | Kelly Delaney |
| **Subject:** | Test Accommodations | | |

Dear Mr. Katz,

We have received material on your behalf pertaining to test accommodations for the USMLE; however, we have not yet received your formal request.  Since we have not received a written request for test accommodations directly from you, we cannot take any action based on the information you have submitted.  Your paperwork will remain in a pending status until a request is received.

The United States Medical Licensing Examination (USMLE) Program provides reasonable and appropriate accommodations in accordance with the Americans with Disabilities Act for individuals with documented disabilities who demonstrate a need for accommodation.  If you would like to request test accommodations for your Step exam please submit a request for testing accommodations.

Guidelines to request test accommodations and all appropriate forms may be accessed on the USMLE website at www.usmle.org.  If you have any questions, please contact the office of Disability Services at 215-590-9700.

Sincerely,

Disability Services
National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104

Phone: 215-590-9700
Fax: 215-590-9422
Email: disabilityservices@nbme.org <mailto:malbrecht@nbme.org>

Page 1 of 1

NBME/Katz 0128

> From: disabilityservices@nbme.org <mailto:disabilityservices@nbme.org>
> Subject: Test Accommodations
> To: cat2400@msn.com <mailto:cat2400@msn.com>
> Date: Tue, 8 Apr 2014 09:49:42 -0400
>
> Dear Mr. Katz,
>
> We have received material on your behalf pertaining to test accommodations for the USMLE; however, we have not yet received your formal request. Since we have not received a written request for test accommodations directly from you, we cannot take any action based on the information you have submitted. Your paperwork will remain in a pending status until a request is received.
>
> The United States Medical Licensing Examination (USMLE) Program provides reasonable and appropriate accommodations in accordance with the Americans with Disabilities Act for individuals with documented disabilities who demonstrate a need for accommodation. If you would like to request test accommodations for your Step exam please submit a request for testing accommodations.
>
> Guidelines to request test accommodations and all appropriate forms may be accessed on the USMLE website at www.usmle.org <http://www.usmle.org>. If you have any questions, please contact the office of Disability Services at 215-590-9700.
>
> Sincerely,
>
> Disability Services
> National Board of Medical Examiners
> 3750 Market Street
> Philadelphia, PA 19104
>
> Phone: 215-590-9700
> Fax: 215-590-9422
> Email: disabilityservices@nbme.org <mailto:disabilityservices@nbme.org>
<<mailto:malbrecht@nbme.org>>
>
>
> This email message and any attachments may contain privileged and/or confidential business information and are for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please notify the sender immediately by reply email and destroy all copies of the original message and any attachments.

NBME/Katz 0130

# EXHIBIT 14

**Susan Conroy**

From:      disabilityservices
Subject:   FW: Test Accommodations
Attachments: Katz, Richard 06314751 Response.pdf

**From:** RICHARD KATZ [mailto:cat2400@msn.com]
**Sent:** Sunday, April 20, 2014 8:21 PM
**To:** disabilityservices
**Subject:** RE: Test Accommodations

RECEIVED

APR 21 2014

Disability Services

Dear Disability Services:

The issue at hand is the fact that the Office of the USMLE Secretariat is NOT granting me another attempt at USMLE Step I. Because of this, a written formal request for test accommodations is not possible at this time (albeit I still have attempts left for USMLE Step 2 CK as well USMLE Step 2 CS). It would prove to be futile if I am not eligible to sit for USMLE Step I as I will never be granted the opportunity to be licensed in the United States without USMLE Step I (even if I were successful at Step 2 CS & CK).

You state in your email the following; "The United States Medical Licensing Examination (USMLE) Program provides reasonable and appropriate accommodations in accordance with the Americans with Disabilities Act for individuals with documented disabilities who demonstrate a need for accommodation."

I don't fully agree with the above statement as I am currently subject to a catch22 situation. I provided reasonable and appropriate documentation warranting accommodations for my disability for USMLE Step I as well as USMLE Step 2 CS and CK, however it appears to be pointless from a medical licensing perspective if I am no longer able to sit for USMLE Step I. You see even if I were to be granted accommodations for Step 2 CS and Step 2 CK due to my disability and happen to get a passing score on these exams I am still no longer eligible to sit for USMLE Step I based on the Six Attempt Limit Rule. My interpretation based on The Office of USMLE Secretariat letter dated April 17th 2014 (see attached) is that the Office of the USMLE Secretariat is focusing on the *policy* of The Six Attempt Limit Rule outside the parameters of any documented disability. Because of the way the policy is structured, it puts an individual in my current situation in a quagmire because NBME Disability Services can not process a request for Test accommodations for USMLE Step I without the formal request. And a formal request can not be submitted without successfully registering for USMLE Step I.

So, because the Office of The USMLE Secretariat is not granting me another attempt at Step I due to the Six Attempt Limit Rule NBME Disability Services will have my file for Test Accommodations for Step I on perpetual hold as the ECFMG website currently is restricting me from registering for USMLE Step I.

I am aware that the Six Attempt Limit Rule is a rule that was instituted by the USMLE Organization and was not instituted by NBME nor ECFMG, if this is the case than maybe Disability Services should be a function of the Office of USMLE Secretariat, because my disability was never acknowledged as a factor in their April 17, 2014 letter. Moreover, the only acknowledgement that I received from NBME regarding the detailed documentation of my disability is that my file will be kept on hold until NBME disability services receives a

1

DEFENDANT'S
EXHIBIT
14

NBME/Katz 0092

formal request for a Step I exam that I am no longer able to register for. I believe that there is currently a flaw somewhere in the USMLE policy since instituting the Six Attempt Limit Rule for an individual such as myself and this policy may warrant revision at this time.

Best regards,


Richard Katz
USMLE ID 0-631-475-1




> From: disabilityservices@nbme.org
> Subject: Test Accommodations
> To: cat2400@msn.com
> Date: Tue, 8 Apr 2014 09:49:42 -0400
>
> Dear Mr. Katz,
>
> We have received material on your behalf pertaining to test accommodations for the USMLE; however, we have not yet received your formal request. Since we have not received a written request for test accommodations directly from you, we cannot take any action based on the information you have submitted. Your paperwork will remain in a pending status until a request is received.
>
> The United States Medical Licensing Examination (USMLE) Program provides reasonable and appropriate accommodations in accordance with the Americans with Disabilities Act for individuals with documented disabilities who demonstrate a need for accommodation. If you would like to request test accommodations for your Step exam please submit a request for testing accommodations.
>
> Guidelines to request test accommodations and all appropriate forms may be accessed on the USMLE website at www.usmle.org. If you have any questions, please contact the office of Disability Services at 215-590-9700.
>
> Sincerely,
>
> Disability Services
> National Board of Medical Examiners
> 3750 Market Street
> Philadelphia, PA 19104
>
> Phone: 215-590-9700
> Fax: 215-590-9422
> Email: disabilityservices@nbme.org <mailto:malbrecht@nbme.org>
>

RECEIVED
APR 2 1 2014
Disability Services

2

NBME/Katz 0093

>
> This email message and any attachments may contain privileged and/or confidential business information and are for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please notify the sender immediately by reply email and destroy all copies of the original message and any attachments.

RECEIVED

APR 2 1 2014

Disability Services

3

NBME/Katz 0094

# EXHIBIT 15

6/21/2015                          SIX Attempt Limit Rule USMLE Step I - RICHARD KATZ

# SIX Attempt Limit Rule USMLE Step I

### RICHARD KATZ

Email Dated 06/08/2015 @ 1:30 PM
Sent To: Mr. Rish
State of PA Board Of Medicine
Mr. Rish has not responded to date

wrish@pa.gov <wrish@pa.gov>

tlazo@pa.gov <tlazo@pa.gov>; dparker@pahousegop.com <dparker@panousegop.com>;

Katz, Richard 06314751 Response.pdf; Richard Katz%2c MD (1).pdf;

Case Number: 3:15-cv-01187

Dear Mr. Rish:

My Attorney Charles Weiner sent me the attached copy of your letter dated June 4th 2015. Please note
Attorney Weiner is only reviewing the NBME request for
accommodations on the USMLE Step 1 exam as he stated in his April 7th 2015 letter to the Pennsylvania
State Medical Board. This is outside of the parameters of the USMLE Six Attempt Limit Rule for which
Attorney Weiner can do nothing to help my current situation. This was the reason for contacting Rep
David Parker's Office in Stroudsburg. Rep David Parker is copied in this email.
I was seeking relief at the State level from Rep. David Parker's Office who has jurisdiction in matters such
as this. This was at the suggestion of Senator Toomey's Office who helped facilitate the Justice
Department Federal Component of this problem under the ADA that is within their jurisdiction.

I have just reviewed your letter with Attorney Weiner and there is currently an issue at hand that goes
back to to an email that was sent to NBME Disability Services on April 20th 2014 that I am Forwarding
to your attention below. This email was also in the packet that I sent to your attention by US mail. I am
not sure if this email was discussed at your May 19th 2015 meeting.

Currently I am NOT able to apply for exam accommodations due to my disability through NBME Disability
Services because I am NOT able to actively register for USMLE Step I based on the Six Attempt Limit Rule. I
have essentially been locked out of their computer system for USMLE Step I. I can however still apply for
Step II CS and CK as I still have attempts left for these steps. The reason for contacting you was to justify
a waiver from the State Board so I may actively apply for the Step I exam and would subsequently then be
permitted to apply for Exam Accommodations with Attorney Weiner's help. At this point we are not able
to apply for Exam Accomodations because I am unable to apply for the exam on the ECFMG website.

This is really a Catch22 situation that I am currently subject to. Would it suffice the PA Medical Board, if
I apply for Step II CK, attempt to obtain Exam Accommodations through NBME Disability Services with
Attorney Weiner's help? Would the State Medical Board then consider the waiver for Step I? Please advise
accordingly. I am quite perplexed at this point.

Please contact me at (570) 517-9314 to discuss this matter further, or if you prefer I would be willing

DEFENDANT'S
EXHIBIT
15

Case: 17-1329    Document: 003112711113    Page: 114    Date Filed: 08/25/2017
Case 3:15-cv-011 · RDM-JFS   Document 7   Filed 06/24, ·  Page 8 of 11

6/21/2015                               SIX Attempt Limit Rule USMLE Step I · RICHARD KATZ

to make an appointment to come see you personally so we may discuss this in person.

Thanks for your time,

Richard Katz


**From:** RICHARD KATZ
**Sent:** Sunday, April 20, 2014 5:21 PM
**To:** disabilityservices@nbme.org
**Subject:** RE: Test Accommodations

Dear Disability Services:

The issue at hand is the fact that the Office of the USMLE Secretariat is NOT granting me another attempt at USMLE Step I. Because of this, a written formal request for test accommodations is not possible at this time (albeit I still have attempts left for USMLE Step 2 CK as well USMLE Step 2 CS). It would prove to be futile if I am not eligible to sit for USMLE Step I as I will never be granted the opportunity to be licensed in the United States without USMLE Step I (even if I were successful at Step 2 CS & CK).

You state in your email the following; "The United States Medical Licensing Examination (USMLE) Program provides reasonable and appropriate accommodations in accordance with the Americans with Disabilities Act for individuals with documented disabilities who demonstrate a need for accommodation."

I don't fully agree with the above statement as I am currently subject to a catch22 situation. I provided reasonable and appropriate documentation warranting accommodations for my disability for USMLE Step I as well as USMLE Step 2 CS and CK, however it appears to be pointless from a medical licensing perspective if I am no longer able to sit for USMLE Step I. You see even if I were to be granted accommodations for Step 2 CS and Step 2 CK due to my disability and happen to get a passing score on these exams I am still no longer eligible to sit for USMLE Step I based on the Six Attempt Limit Rule. My interpretation based on The Office of USMLE Secretariat letter dated April 17th 2014 (see attached) is that the Office of the USMLE Secretariat is focusing on the *policy* of The Six Attempt Limit Rule outside the parameters of any documented disability. Because of the way the policy is structured, it puts an individual in my current situation in a quagmire because NBME Disability Services can not process a request for Test accommodations for USMLE Step I without the formal request. And a formal request can not be submitted without successfully registering for USMLE Step I.

So, because the Office of The USMLE Secretariat is not granting me another attempt at Step I due to the Six Attempt Limit Rule NBME Disability Services will have my file for Test Accommodations for Step I on perpetual hold as the ECFMG website currently is restricting me from registering for USMLE Step I.

I am aware that the Six Attempt Limit Rule is a rule that was instituted by the USMLE Organization and was not instituted by NBME nor ECFMG, if this is the case than maybe Disability Services should be a function of the Office of USMLE Secretariat, because my disability was never acknowledged as a factor in their April 17, 2014 letter. Moreover, the only acknowledgement that I received from NBME regarding the detailed documentation of my disability is that my file will be kept on hold until NBME disability services receives a formal request for a Step I exam that I am no longer able to register for. I believe that there is currently a flaw somewhere in the USMLE policy since instituting the Six Attempt Limit Rule for an

individual such as myself and this policy may warrant revision at this time.

Best regards,

Richard Katz
USMLE ID 0-631-475-1

> From: disabilityservices@nbme.org
> Subject: Test Accommodations
> To: cat2400@msn.com
> Date: Tue, 8 Apr 2014 09:49:42 -0400
>
> Dear Mr. Katz,
>
> We have received material on your behalf pertaining to test accommodations for the USMLE; however,
we have not yet received your formal request. Since we have not received a written request for test
accommodations directly from you, we cannot take any action based on the information you have
submitted. Your paperwork will remain in a pending status until a request is received.
>
> The United States Medical Licensing Examination (USMLE) Program provides reasonable and appropriate
accommodations in accordance with the Americans with Disabilities Act for individuals with documented
disabilities who demonstrate a need for accommodation. If you would like to request test
accommodations for your Step exam please submit a request for testing accommodations.
>
> Guidelines to request test accommodations and all appropriate forms may be accessed on the USMLE
website at www.usmle.org. If you have any questions, please contact the office of Disability Services at
215-590-9700.
>
> Sincerely,
>
> Disability Services
> National Board of Medical Examiners
> 3750 Market Street
> Philadelphia, PA 19104
>
> Phone: 215-590-9700
> Fax: 215-590-9422
> Email: disabilityservices@nb ne.org <mailto:malbrecht@nbme.org>
>
>
> This email message and any attachments may contain privileged and/or confidential business

6/21/2015                          SIX Attempt Limit Rule USMLE Step I - RICHARD KATZ

information and are for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure
or distribution is prohibited. If you are not the intended recipient, please notify the sender immediately by
reply email and destroy all copies of the original message and any attachments.

\*   To date Pennsylvania State
Medical Board Has Not
Responded to inquiry.

S.A.  113



# EXHIBIT 16




request for waiver-Others

### COMMONWEALTH OF PENNSYLVANIA
### GOVERNOR'S OFFICE OF GENERAL COUNSEL

Teresa Lazo,
Assistant Counsel

tlazo@pa.gov

April 3, 2015

*VIA FIRST CLASS MAIL*
Richard Katz
3364 Parker Lane
East Stroudsburg, PA 18301-8737

RE:    Request for waiver of six attempt limit on USMLE step I

Dear Mr. Katz:

   Your letter dated March 3, 2015, directed to the Chief of the Health Licensing Division at the Pennsylvania Bureau of Professional and Occupational Affairs was forwarded to my office for response. Your letter and included materials will be placed on the Agenda for the State Board of Medicine. The next meeting date is April 20, 2015. You should hear from the Board again about a week after that date.

                              Sincerely,

                              *Teresa Lazo*

                              Teresa Lazo, Esquire
                              Counsel, State Board of Medicine

c:    Patrick J. Toomey, U.S. Senator
      Representative David Parker
      Wayne C. Crawford, Esquire
      Disability Services, NBME
      Amy Buono, Office of the USMLE Secretariat

RECEIVED

APR 08 2015

Disability Services

### DEPARTMENT OF STATE/OFFICE OF CHIEF COUNSEL
2601 North 3rd Street/P.O. Box 69523//HARRISBURG, PA 17106-9523
phone: 717-783-7200/Fax: 717-787-0251/ WWW.DOS.STATE.PA.US





DEFENDANT'S
EXHIBIT
16

NBME/Katz 0133

# EXHIBIT 17

July 6, 2015 3:8 PM                          **USMLE Candidate Score Inquiry List**                          1 of 1

**Name:**     Katz, Richard Denis
**USMLE ID:**  0-631-475-1
**DOB:**
**SSN:**

| Agency Code | Exam | | Regist Status | Registration Status Date | Exam Completion Status | Score Status | Pass Fail | Three Digit Score | Two Digit Score |
|---|---|---|---|---|---|---|---|---|---|
| ECFMG | Step 1 | 06/01/2013 - 11/30/2013 | C | 12/07/2012 | C | A | F | 182 | |
| ECFMG | Step 1 | 09/01/2012 - 11/30/2012 | C | 03/26/2012 | C | A | F | 185 | |
| ECFMG | Step 2 CS | 04/19/2012 - 04/19/20 | C | 04/19/2012 | C | A | F | | |
| ECFMG | Step 1 | 12/01/2011 - 02/29/2012 | C | 11/18/2011 | C | A | F | 179 | |
| ECFMG | Step 2 CS | 09/14/2010 - 09/14/20 | C | 09/14/2010 | C | A | F | | |
| ECFMG | Step 1 | 09/01/2010 - 11/30/2010 | C | 09/14/2010 | C | A | F | 145 | |
| ECFMG | Step 2 CK | 09/01/2010 - 11/30/20 | C | 09/14/2010 | C | A | F | 140 | |
| ECFMG | Step 2 CK | 04/01/2006 - 09/30/20 | C | 06/02/2005 | C | A | F | 141 | |
| ECFMG | Step 2 CS | 03/14/2006 - 03/14/20 | C | 06/02/2005 | C | A | F | | |
| ECFMG | Step 1 | 04/01/2005 - 06/30/2005 | C | 02/25/2005 | C | A | F | 174 | |
| ECFMG | Step 2 CK | 10/01/2004 - 03/31/20 | C | 08/12/2004 | C | A | F | 160 | |
| ECFMG | Step 1 | 09/01/2004 - 02/28/2005 | C | 08/11/2004 | C | A | F | 176 | |
| ECFMG | Step 1 | 04/01/2003 - 09/30/2003 | C | 02/20/2003 | C | A | F | 152 | |
| ECFMG | Step 1 | 09/01/2002 - 11/30/2002 | C | 08/07/2002 | C | A | F | 135 | |
| ECFMG | Step 1 | 10/01/2001 - 03/31/2002 | C | 09/14/2001 | C | A | F | 133 | |



DEFENDANT'S
EXHIBIT
17

NBME/Katz 0213

NBME/Katz 0214



NBME/Katz 0215

# USMLE Score Inquiry

Copy Data | Print

Execute Query | CIBIS Search | Return To Prior Searc

USMLE ID: 0-631-476-1 Katz, Richard Denis

DOB:                    SSN

Exam Request ID:                    Find USMLE ID

Score Info  Med School History | Biographics (Exam Request Specific)

| Agency | Document Type | Medical School | School Start Date | School Dat |
|--------|---------------|----------------|-------------------|-----------|
| ECFMG | Examinee, formatted | St. Christopher Iba Mar Diop College Of Medicine | | |
| ECFMG | Examinee, formatted | St. Matthew's University School of Medicine (Belize) | | 01/2004 |

Registration records count:15    Medical School History records co

NBME/Katz 0216

USMLE Score Inquiry

File

Copy Data | Print

Execute Query | CIBIS Search | Return To Prior Search

USMLE ID: 0-631-475-1  Katz, Richard Denis

DOB:                SSN:              Exam Request ID:

Find USMLE ID

Score Info | Med School History | Biographics (Exam Request Specific)

| Agency | Exam | Reg. Stat | Score Available Date | Load Scores Flag | Score Status | Exam Comp. Status | Irreg. Stat | Indet. Flag | P/F | 3 Digit Score | 2 Digit Score | St Ar F |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ECFMG | Step 1  09/01/2010 - 11/30/2010 | C | 11/10/2010 | Y | A | C | N | N | F | 145 | | |
| ECFMG | Step 2 CK  09/01/2010 - 11/30/2010 | C | 12/8/2010 | Y | A | C | N | N | F | 140 | | |
| ECFMG | Step 2 CK  04/01/2006 - 09/30/2006 | C | 10/25/2006 | Y | A | C | N | N | F | 141 | | |
| ECFMG | Step 2 CS  03/14/2006 - 03/14/2007 | C | 4/26/2007 | Y | A | C | N | N | F | | | |
| ECFMG | Step 1  04/01/2005 - 06/30/2005 | C | 5/25/2005 | Y | A | C | N | N | F | 174 | | |
| ECFMG | Step 2 CK  10/01/2004 - 03/31/2005 | C | 4/27/2005 | Y | A | C | N | N | F | 160 | | |
| ECFMG | Step 1  09/01/2004 - 02/28/2005 | C | 1/19/2005 | Y | A | C | N | N | F | 176 | | |
| ECFMG | Step 1  04/01/2003 - 09/30/2003 | C | 10/22/2003 | Y | A | C | N | N | F | 152 | | |
| ECFMG | Step 1  09/01/2002 - 11/30/2002 | C | 11/20/2002 | Y | A | C | N | N | F | 135 | | |
| ECFMG | Step 1  10/01/2001 - 03/31/2002 | C | 4/17/2002 | Y | A | C | N | N | F | 183 | | |

Score Description: Failed Exam                Exam Date: 3/27/2002
Registration Status Date: 09/14/2001          Outcome Receive Date: 03/28/2002
Region: United States and Canada              Exam Request ID:    356495
Testing Location: 01-4215 Westbury, NY

                                              Score Report Date: (

Registration records count:15



NBME/Katz 0217

S.A. 122

# EXHIBIT 18

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

**Richard Katz**

Plaintiff

Case No.: **3:15-cv-01187**

**SECOND AMENDED COMPLAINT:**
DISCRIMINATION PURSUANT TO TITLE III
OF ADA, BREACH OF CONTRACT,
MISLEADING CONDUCT, NEGLIGENT OR
INTENTIONAL INFLICTION OF EMOTIONAL
DISTRESS, IMPAIRMENT OF ECONOMIC
OPPORTUNITY, FRAUDULENT
MISREPRESENTATION, PRELIMINARY
INJUNCTION, DISCRIMINATION PURSUANT
TO § 504 OF THE REHABILITATION ACT OF
1973

FILED
SCRANTON

NOV 1 7 2015

PER ___ DEPUTY CLERK

v.

**NATIONAL BOARD OF MEDICAL EXAMINERS (NBME)**
3750 Market Street
Philadelphia, PA 19104

and

**FEDERATION OF STATE MEDICAL BOARDS (FSMB)**
400 Fuller Wiser Road, Suite 300
Euless, Texas 76039-3855

Defendants

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED
## COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

### INTRODUCTION AND GENERAL STATEMENT OF THE CASE

COMES NOW plaintiff Richard Katz, appearing pro se respectfully requests this Honorable Court to grant leave, thereby permitting filing of a Second Amended Complaint, states as follows:

1. Richard Katz resides in East Stroudsburg, Pennsylvania he graduated Medical School in 2004 and holds a Medical Degree.

1

2. This is a disability access and discrimination complaint alleging that there is an administrative barrier and discriminatory policies in place at the National Board of Medical Examiners (hereinafter NBME) and the Federation of State Medical Boards (hereinafter FSMB). NBME and FSMB own and sponsor the United States Medical Licensing Examination® ("USMLE"), a standardized examination that is used in evaluating applicants for medical licensure in the United States and its territories. The USMLE Organization's primary place of business is located in Philadelphia, PA. Richard Katz is an individual with a disability. This barrier denies full and equal access to in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 and § 504 OF THE REHABILITATION ACT OF 1973, [AS AMENDED, 29 U.S.C. § 794].    **Section 504 of the Rehabilitation Act specifically prohibits discrimination against individuals with disabilities in programs receiving federal funds. *NBME and FSMB are both recipients of federal funds.***

3. In 2011 the USMLE Organization announced that they will place an attempt limit to the number of times examinees can take to pass a USMLE Step Exam. *The previous policy allowed examinees to take the exam as many times as they needed until passing.* In creating this so-called "Six Attempt Limit Rule" the NBME/FSMB made NO concession in their policy development for people with documented disabilities. This is an access violation that does NOT comply with accessibility regulations under Title III of the ADA and § 504 of The Rehabilitation Act Of 1973. This is in violation to the specifications promulgated by the Department of Justice (the "DOJ Standards") who have been investigating Katz's claim since November 28, 2014 (Please see EXHIBIT 6 for Senator Toomey's update).

4. NBME and FSMB are subject to the requirements of Section 309 of the ADA of 1990, 42 U.S.C. § 12189, and the implementing regulations, 28 C.F.R. § 36.309. Private entities that administer examinations related to professional licensing must offer examinations in a place and manner accessible to persons with disabilities. Katz sent an appeal to NBME Disability Services on April 1st 2014, requesting that they modify their "Six Attempt Limit Rule " as a reasonable accommodation under the ADA (Doe v. Samuel Merritt University, 921 F. Supp. 2d. 958 (N.D. Cal. 2013) Preliminary Injunction granted allowing student with a disability to take a podiatric licensing examination unlimited times as an accommodation to University's policy providing for a three exam limit.). The defendants denied this request.

5. A second dispute exists in this case, Katz alleges that he was discriminated by NBME Disability Services in 2005 through 2006. Katz requested exam accommodations and extended exam time for his USMLE exams during this period. NBME Disability Services found that the supporting documentation submitted by Katz did not demonstrate that he was currently substantially limited in a major life activity as compared to most people, so as to be disabled within the meaning of the ADA. Katz had submitted sufficient documentation to demonstrate that he is a person with a disability within the meaning of the ADA, and that he was entitled to reasonable testing accommodations to take his USMLE Exams in 2005-2006.

6. Katz filed his original Complaint in this Court on June 18, 2015. He amended his complaint on August 12, 2015.

7. NBME/FSMB Answer was submitted to this Court on August 28, 2015.

8. Katz *traversed* NBME/FSMB's Answer on September 8, 2015.

2

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and 1343.

10. This action is commenced pursuant to 2201 and 2202.

11. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and Rule 65 of the Federal Rules of Civil Procedure.

## PARTIES

12. Plaintiff Richard Katz is a citizen of the State of Pennsylvania, United States of America.

13. NBME is a private, non-profit organization. Its principal place of business is located in Philadelphia, Pennsylvania. It is registered as a Professional Society and/or Association by Guidestar database of Non-profit organizations. http://www.guidestar.org

14. NBME and the FSMB together own and sponsor the United States Medical Licensing Examination ("USMLE"), an examination that is a prerequisite for medical licensing in the United States and its territories. NBME administers the USMLE. The USMLE's primary location is in Philadelphia, Pennsylvania.

15. FSMB is a private non-profit organization that is incorporated under the laws of Nebraska but located in Euless, Texas. FSMB is registered as a Research Institute and/or Public Policy Analysis Organization by Guidestar database of Non-profit organizations. http://www.guidestar.org

## FIRST, SECOND AND THIRD
## CAUSES OF ACTION

### [DISCRIMINATION PURSUANT TO TITLE III OF ADA]
### [BREACH OF CONTRACT]
### [MISLEADING CONDUCT]

3

## [DISCRIMINATION PURSUANT TO TITLE III OF ADA]

16. Pursuant to 28 C.F.R. § 36.309, private entities that administer licensing examinations are required to provide reasonable modifications to the examination and appropriate auxiliary aids and services (i.e., testing accommodations) for persons with disabilities. The purpose of testing accommodations is to ensure, in a reasonable manner, that the "examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's impaired sensory, manual or speaking skills (except where those skills are the factors that the examination purports to measure)." 28 C.F.R. § 36.309(b)(1)(i). "Required modifications to an examination may include changes in the length of time permitted for completion of the examination." 28 C.F.R. § 36.309(b)(2). Private entities who administer licensing examinations also now have a duty to provide exam accommodations and to modify existing rules on the number of times a disabled examinee may take a qualifying professional examination (Doe v. Samuel Merritt University, 921 F. Supp. 2d. 958 (N.D. Cal. 2013)).

---

Judicial and Regulatory Year in Review 3 Page 6  https://www.mesacc.edu/.../disability.../Judicial%20Year%20in%20Review. Docx Summer Reading List. Post-Secondary Disability. Judicial and Regulatory Year in Review.

17. Katz submitted sufficient documentation to demonstrate that he is a person with a disability within the meaning of the ADA, and that he was entitled to reasonable testing accommodations to take his USMLE exams in 2005-2006. Catherine Farmer., Psy.D. a Reviewer for the NBME in 2006 (now the NBME Compliance Officer for Disability Services) was the sole evaluator of Katz's file. **Ms. Farmer spent a total of _only four hours_ reviewing a compilation of Katz's psychoeducational reports, evaluations, and assessments from two psychiatrists and two clinical psychologists that personally examined him on numerous occasions (see defendants' Exhibit 4 pg. 0070).** The Compliance Officer at the time J. Abram Doane (no longer employed by NBME) stated in the NBME denial letter to Katz dated March 13, 2006:

**"We consulted EXPERTS in the field of Learning Disability and Mental Disorders to assist us in reviewing the documentation."**

**In actuality, there were no "EXPERTS" just one individual Psy.D. by the name Catherine Farmer.**

(Please see defendant's Exhibit 4 page 0077 and plaintiff's Complaint Document 1-2 Filed 06/17/15 Page 17 of 29)

18. Ms. Farmer recommended that Katz's application be denied for accommodations in 2006 despite ever meeting or evaluating him. She states in her letter addressed to Mr. Doane dated February 2, 2006:

**"As you know, I have not met or examined Mr. Katz. My recommendation is based upon my review of the request and supporting documentation submitted by and behalf of Mr. Katz."**

(Please see defendant's Exhibit 4 page 0071)

4

19. The Defendant's determination and denial of accommodations was discriminatory then and in light of the 2008 ADAAA the defendants cannot continue their denial. Pursuant to the ADAAA, Katz would be entitled to the accommodations of extended exam time on the USMLE.

20. Pursuant to the ADAAA and its regulatory guidance, NBME/FSMB are mandated to give considerable deference to Katz's evaluators and their recommendations to provide accommodations. The guidelines to the regulations promulgated by the ADA, provide that testing entities should accept without further inquiry, "documentation provided by a qualified professional who has made an individualized assessment of an applicant, that supports the need for modifications, accommodations or aid requested." (See 28 C.F.R. § 36, App A, at 795). **The guidance further explains that "reports from experts who have personal familiarity with candidates should take precedence over those from, for example reviewers from testing agencies, who have never personally met the candidate or conducted the requisite assessments for diagnosis and treatment."**

21. Prior to the ADAAA the NBME and other similar testing entities had a penchant for denying accommodations for students in higher education on the basis that they were not diagnosed at an earlier age or that they performed well academically. In passing the ADAAA, Congress targeted these testing entities noting in the Congressional Record: 2 Cong Rec 8296 (Sept 17, 2008).

22. Katz submitted an Appeal and additional documentation to NBME Disability Services on April 1st 2014 in support of his request for accommodations on the USMLE Step 1, Step 2 CS, CK and Step 3 documenting accommodations he received in undergraduate school, graduate school and medical school. Katz also submitted early childhood medical documentation from The New York Hospital dated 04/22/1981 validating that he had suffered from neurological problems (seizure disorder) as a child (See Document 1-2 Filed 06/17/15 Page 19 of 29).

23. In Rush v. NBME, a second-year medical student with reading and visual processing skills impairments requested and was denied extended time on USMLE Step 1. The court found that the student was substantially limited in his ability to read and process information compared to most people. The court also ruled that the student would suffer an irreparable injury if the requested injunction for additional time was denied. Plaintiff was a medical student with a learning disability who requested and was denied double time in which to take the U.S. Medical Licensing Exam. The court found that Rush was an individual with a disability because he was substantially limited in the major life activities of reading and learning compared to most people. **THE COURT, CRITICAL OF THE BOARD'S (NBME) EXPERTS, granted an injunction requiring the NBME to provide Rush with the accommodations of double time for the exam, stating that without such accommodations the exam would test his disability and not his mastery of the subject matter.**

https://www.ahead.org/node/238

5

## [BREACH OF CONTRACT]

24. Katz alleges that NBME/FSMB breached "its duty of good faith and fair dealing by wrongfully failing to assist him with his disability in 2005-2006 and again in 2014". He also alleges that NBME/FSMB violated its contract with him by failing to provide testing accommodations in 2006 and in 2014. Katz is disabled as defined by the ADA and Rehabilitation Act. He is entitled to accommodations even though the contract covenants of good faith and fair dealing, as well as third party beneficiaries, are defined *1282 by state, and not federal, law. *See Corneveaux v. CUNA Mut. Ins. Group,* 76 F.3d 1498, 1506 (10th Cir.1996).

"[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S.343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

## [MISLEADING CONDUCT]

25. Obstructing justice under federal and state law is generally defined as interfering with the workings of the judicial system, law enforcement, or *regulatory agencies.*

In Shannon the Court of Appeals held:

**"neither must the target be scheduled to testify at the time of the offense nor must he or she actually give testimony at a later time. It is only necessary that there is a *possibility* that the target of the defendant's activities be called on to testify in an official proceeding."**

(Citing the Congressional Record – Senate S272 Jan. 15, 1999)

26. Katz alleges that material fact was concealed by defendants, as there were NO EXPER<u>TS</u> in the field of Learning Disability and Mental Disorders that assisted defendants in reviewing his documentation in 2005-2006. **The determination that was made by defendants in 2006 should therefore be rendered null and void.** Katz sent a notarized request to NBME Disability Services on January 27, 2014 requesting his documentation from 2005-2006. On February 4th, 2014 Catherine Farmer replied by mail stating:

*"The NBME does not copy or return the comments of an examinee's disability file or send copies to examinees or third parties."*

(See Document 1-5 Filed 06/17/15 Page 1-2)

6

27. The constitutionality of ownership and control of patient records; reports or copies of records of disclosure of information may warrant further scrutiny by this Court. **This information was not made available to Katz until receiving Exhibits 4 and 5 from defendant's dated August 28, 2015.**

28. Katz contacted NBME Disability services on April 20th 2014 by email to appeal the April 17, 2014 denial of his first appeal and to address a Catch-22 situation presented by the defendants. The defendants were requesting a *'formal request'* for exam accommodations on April 8, 2014. It was explained to defendants that a formal request would not be possible to submit as long as he was locked out from registering for USMLE Step I because of the 'Six Attempt limit Rule' imposed by the defendants. The notion Katz was addressing was you cannot submit a formal request for an exam that you obviously barred from registering for. Hence a Catch-22 situation. Katz regarded this as a form of psychological manipulation and bureaucratic entanglement. The defendants never responded to Katz's second appeal. (See Document 1-4 Filed 06/17/15 Pgs. 2-4).

29. There was only one individual Psy.D.* by the name of Catherine Farmer who reviewed Katz's file and it only took her *four hours of review to create years of difficulties and hardships for him.* Ms. Farmer likely had some internal affiliation to NBME/FSMB in 2006 as she is now the Compliance Officer of NBME Disability Services. Ms. Farmer's denial of accommodations in 2006 went against the recommendation of Katz's caregivers that included two clinical psychologists and two psychiatrists (one of whom is an MD/PhD). NBME/FSMB interfered with accessibility regulations under the ADA.

Note*

In the United States, both the Psy.D. and Ph.D. are the only two doctorate degrees that are eligible to sit for the Examination for Professional Practice of Psychology (EPPP). This is the national licensing exam and successful completion is required in order to obtain a license to practice psychology.

Schaffer and colleagues (2012) found that students trained in Ph.D. programs passed the EPPP at higher rates (82%) than students trained in Psy.D. programs (69%).

Schaffer, Jack B.; Rodolfa, Emil; Owen, Jesse; Lipkins, Robert; Webb, Carol; Horn, Jacqueline (February 2012). "The Examination for Professional Practice in Psychology: New data–practical implications". Training and Education in Professional Psychology 6 (1): 1–7. Doi:10.1037/a0026823.

Citing
**Statutory Law**

*18 U.S.C. § 1515(a)(3) (2010) (Title 18—Chapter 73: Obstruction of Justice)*
(a) As used in sections 1512 and 1513 of this title [18 U.S.C. §§ 1512 and 1513] and in this section—

(3) the term "misleading conduct" means –
(A) knowingly making false statement;
(B) intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading, or intentionally concealing a material fact, and thereby creating a false, forged, altered, or otherwise

7

lacking in authenticity;

(C) with intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity;

(D) with intent to mislead, knowingly submitting or inviting reliance on sample, specimen, map, photograph, boundary mark, or other object that is misleading in a material respect; or

(E) knowingly using a trick, scheme, or device with intent to mislead;

30. Mr. Doane's **LinkedIn** Profile (Please see Exhibit 7), states he was:

"Manager of Disability/ADA Compliance for NBME from July 2003 through July 2006."

He then became a *Consultant* for NBME Office of General Counsel on July 2006 until ultimately leaving the NBME organization in July 2008.

31. Mr. Doane states in the Education section of his profile that he has a:

- **"Ph.D. (ABD)** in *Communication Sciences and Disorders/Learning Disabilities* from Northwestern University from 1996-2012."

- **ABD stands for "All But Dissertation."** "All But Dissertation" (ABD) is a mostly unofficial term identifying a stage in the process of obtaining a research doctorate in the United States. At this stage, the student has completed the preparatory coursework, qualifying examinations, comprehensive examinations, and *may have* defended his or her dissertation proposal.

- **To complete the degree, the student must carry out the proposed research and write the dissertation that defines a Ph.D. or equivalent research doctorate. "All but dissertation" attrition ranges from 43% to 51% depending on the field.**

32. Mr. Doane's states in his LinkedIn profile that his role at NBME was:

- "Reviewed documentation and reports in support of student requests for services, and was; **Decision-maker for accommodations for NBME testing programs and state medical licensing boards."**

- Richard Katz applied to NBME Disability Services for exam accommodations in 2005 until receiving a denial by Mr. Doane on March 13, 2006.

33. Mr. Doane states in his profile that he was: "Manager of Disability Services/ADA Compliance Officer at (NBME) from July 2003 through July 2006." This was within the time period that Katz applied to NBME Disability Services for exam accommodations (2005-2006). Mr. Doane was not a Ph.D. during this period.

8

34. Richard Katz respectfully brings to the Courts attention, that Mr. Doane:

- did not have a Ph.D. at the time Katz applied for exam accommodations in 2005-2006;

- was *not qualified* to make any determination on Katz's disability application in 2005-2006;

- was not qualified to disagree with Katz's caregivers (Ph.D.'s, M.D.'s etc.) in 2005-2006.

35. It must be questioned whether Mr. Doane transferred from his role as Compliance Officer of Disability Services because the liability threshold was high. Did NBME realize that Mr. Doane did not have the credentials to hold such a position and was in fact a liability because of his Ph.D./ABD status? It would seem logical that the position would call for a full-fledged Ph.D. candidate.

36. Mr. Doane was the only transparent NBME Representative signing off on disability determinations. By remaining with the NBME organization as a Consultant in 2006 he would lose his transparency and be out of public view (Please See EXHIBIT 8).

Schuman, Rebecca (1 August 2014). "ABD Company - What's worse than getting a Ph.D. in today's job market? Not finishing one.". Slate. Retrieved 17 October 2014.

Sowell, Robert (31 March 2008). "Ph. D. Completion and Attrition: Analysis of Baseline Data" (PDF). Council of Graduate Schools. Retrieved 17 October 2014.

## The Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL) 73 P. S. §§ 201-1 –201-9.2

### The "Catchall" Provision

37. The Act's twenty-first unfair trade practice definition, its "catchall," is "any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."

38. Before the 1996 amendments, the catchall provision addressed only "fraudulent conduct," requiring a plaintiff to prove the elements of common law fraud, including proof that a

9

misrepresentation was made intentionally or with reckless disregard of its truth. Rodriguez v.
Mellon Bank, N.A., 218 B.R. 764 (Bankr. E.D. Pa. 1998).

**39. However the 1996 amendments expanded the catchall provision to include a wider variety
of unsavory conduct within the reach of the UTPCPL**

40. In Fazio, the Superior Court reviews a series of cases, mostly in the federal courts, that recently
held that proof of common law fraud was NOT required and concludes:

**"Notwithstanding prior case law on the catchall provision, our review of decisions from the
Commonwealth Court, the federal courts interpreting Pennsylvania law, as well as the statutory
language of the post-amendment catchall provision leads us to conclude the court's jury
instruction regarding 'misleading' conduct accurately set forth the standard of liability under the
amended catchall provision."**

41. The courts that have actually examined the issue closely have concluded, rightfully, that the
legislative change is intended to broaden that catchall so that common law fraud is not required.
Grimm v. Washington Mutual Bank, 2008 U.S. Dist. LEXIS 55628, 2008 WL 2858377 (W.D.
Pa. July 22, 2008), Hansford v. Bank of America, 2008 WL 4078460, 2008 U.S. Dist. LEXIS
65502 (E.D. Pa. Aug. 22, 2008); Wilson v. Parisi, 549 F.Supp.2d 637 (M.D. Pa. 2008).

http://www.pittsburghlegalbacktalk.com/archives/7336#sthash.GlBfYf3T.dpuf

10

## FOURTH CAUSE OF ACTION

## [NEGLIGENT OR INTENTIONAL INFLICTION

## OF EMOTIONAL DISTRESS]

42. Richard Katz has been subjected to intense mental anguish as a result of NBME/FSMB's failure to provide reasonable accommodations in 2005-2006 and again in 2014. This has resulted in repeated studying, multiple attempts at the USMLE exams and subsequent failures all subverting his self-esteem and sense of self-worth not to mention crippling him financially. This took a toll on his mental resources and ultimately his overall health. The '*Make or Break*' nature of the 'Six Attempt Limit Rule' was "*the straw that broke the camel's back.*" Katz ran out of mental resources and had a nervous breakdown in March of 2013. This resulted in a week long in-patient hospitalization at Pocono Medical Center Behavioral Health Unit.

43. Katz has endured persistent and recurring severe abdominal pain due to emotional distress ultimately a repercussion of the defendant's behavior. He was admitted to the Pocono Medical Center Emergency Room on August 20th 2015. The nature of this ailment is currently being evaluated by a Gastroenterologist requiring further testing.

44. Katz has experienced frequent exacerbations of his asthma during the past two years. The experience of an acute negative event increases the risk of a subsequent asthma attack by nearly 2-fold. The long-term stress has also induced frequent headaches, high blood sugar approaching a pre-diabetic state, skin conditions for which he sees a Dermatologist monthly since 2013, depression, anxiety and sleep disturbance (Please see EXHIBIT 9 Under Seal).

## FIFTH CAUSE OF ACTION

## [IMPAIRMENT OF ECONOMIC OPPORTUNITY]

45. A defendant is liable for damages if it can be proven that their negligence was both the cause-in-fact and the proximate cause of the consequent harm. In most negligence cases the "but for" test provides a bright line rule for determining whether the defendant's actions were the cause-in-fact of the plaintiff's loss. The plaintiff must successfully argue that but for the act of negligence he would not have suffered the subsequent economic loss.

http://academic.udayton.edu/Lawecon/Readings/Paper%20-%20Loss%20of%20chance%20for%20LE%20Class.pdf

46. Richard Katz's medical career has been in a state of perpetual limbo since graduating Medical School in 2004. If NBME/FSMB granted Katz's accommodation request in 2006 only two years would have been lost instead of a decade. By not granting the accommodation Katz sorely needed for success he was subjected to a decade of studying and struggling to apply methods in order to compensate for his disability. This proved to be futile as his resourcefulness could do nothing to

11

compensate for the clock.  NBME/FSMB refused to grant Katz additional time on his USMLE exams in 2006 and again in 2014.

47. Frederick Romberg a Yale Medical Student with dyslexia (now an Anesthesiology Resident at the University of Utah) only waited a year for the DOJ to settle with NBME for his disability DJ# 20216-181.  On February 23, 2011, NBME entered into a settlement agreement with DOJ resolving a complaint by Romberg who was refused the accommodations he requested because of his disability. **The Board agreed to provide reasonable testing accommodations to people with disabilities when taking the U.S. Medical Licensing Examination and agreed to grant the complainant the accommodations he needed -- double the standard testing time and a separate testing area to take the test.**

http://massivearticles.com/news/Frederick-Romberg.html

48. "**In the past, demands for unnecessary or redundant documentation, burdensome and expensive repeated professional evaluations, or irrelevant evaluative testing unrelated to the ability to demonstrate one's knowledge or skills on an examination prevented individuals with appropriately documented disabilities from pursuing their chosen professions.**" said Thomas E. Perez, assistant attorney general for DOJ's Civil Rights Division. "By entering into this agreement, NBME is doing its part to ensure that people with a reading disability like Mr. Romberg will have the opportunity to take the USMLE with the reasonable testing accommodations they need to demonstrate their knowledge and ability

http://healthleadersmedia.com/page-1/PHY-262976/DOJ-NBME-Reach-Settlement-in-ADA-Complaint

49. Under the agreement, the NBME was to:

**Only request documentation about (a) the existence of a physical or mental impairment; (b) whether the applicant's impairment substantially limits one or more major life activities within the meaning of the ADA; and (c) whether and how the impairment limits the applicant's ability to take the USMLE under standard conditions;**

http://massivearticles.com/news/Frederick-Romberg.html

50.  "**Too many people like Frederick have seen their hard work disregarded and their career paths disrupted,**" according to the Director of the Yale Center for Dyslexia & Creativity Sally Shaywitz. Mrs. Shaywitz was influential in helping Romberg receive accommodations he needed.  She stated:

"**What testing agencies have tended to do is ask for a whole panoply of information and testing that wasn't relevant for determining who had a disability. At the very least, the settlement acknowledges that it's important to give careful consideration to the medical history of the specific individual who's being evaluated.**"

http://massivearticles.com/news/Frederick-Romberg.html

12

51. This agreement was signed February of 2011 and was over in February of 2013. Katz sent an appeal to the USMLE Organization in April of 2014 and was *denied* accommodations by the USMLE Secretariat's Office (see Document 1-2 Filed 06/17/15 Page 1 of 29 and Document 1-4 Filed 06/17/15 Page 1 of 5).

52. Katz exhausted all Administrative remedies in resolving this matter with NBME/FSMB prior to filing this lawsuit. As stated in Amy Bueno's (Office of the USMLE Secretariat) letter dated April 17, 2014:

"According to the *USMLE Bulletin of Information,* the only exception to this policy identified by the USMLE Composite Committee (the governing body of the USMLE program) involves state medical boards. The policy includes a provision to allow examinees who have six or more attempts at a Step or component to have an additional attempt if so requested by a state medical board that is fully informed of the individual's prior examination history."

Document 1-4 Filed 06/17/15 Page 1 of 5

53. With the help of Representative David Parker's Office of District 115 Katz inquired about the above provision on March of 2015 and the matter was placed on the May 2015 Agenda of the Pennsylvania State Board of Medicine. The conclusion is stated in the Counsel for the State of PA Board of Medicine's letter dated June 4, 2015:

"The Board determined that the request to waive the six-attempt limit is premature. If you are successful in your appeal, the Board anticipates that the NBME will grant reasonable accommodations and authorize your client (Katz) to re-test. If for some reason the NBME will provide accommodations but will not allow re-testing without authorization from the Board to waive the six-attempt limit, please correspond with us again and the matter will be presented to the Board for action."

Document 1-7 Filed 06/17/15 Page 4 of 5

## SIXTH CAUSE OF ACTION

### [FRAUDULENT MISREPRESENTATION]

54. A plaintiff can recover against a defendant on the grounds of fraudulent misrepresentation if (1) a representation was made; (2) that was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth; (4) that it was made with the intention that the plaintiff rely on it; (5) that the plaintiff did rely on it; and (6) that the plaintiff suffered damages as a result.

**1. The defendant must have made a representation as to a past or existing material fact.**
*Affirmative.* Mr. Doane in his March 13, 2006 letter made a *false representation* stating that Katz's documentation was given to "experts in the field of Learning Disability and Mental Disorders to assist NBME Disability Services in reviewing the documentation"

13

**2. The representation must have been false.** *Affirmative.* It was based on review of the defendant's exhibit 4.

**3. The defendant must have known that the representation was false when made or must have made the representation recklessly without knowing whether it was true or false.** *Affirmative.* Mr. Doane would have had knowledge as to who the Reviewers were in 2006 because he would of received a statement from each Reviewer evaluating Katz's file.

**4. The defendant must have made the representation with an intent to defraud the plaintiff, that is, he she must have made the representation for the purpose of inducing the plaintiff to rely upon it and to act or to refrain from acting in reliance thereon.** *Affirmative.* Mr. Doane intentionally affected Katz's transaction with NBME by employing a *false statement.*

**5. The plaintiff must have been unaware of the falsity of the representation; must have acted in reliance upon the truth of the representation and must have been justified in relying upon the representation.** *Affirmative.* The defendants required excessive documentation in 2005-2006 that was not financially feasible. Katz felt that he submitted sufficient documentation to justify his disability under the guidelines of the ADA. This was the same complaint in the Romberg case that prompted NBME to enter into agreement with DOJ, 'the requirement of excessive documentation to substantiate disability claims.'

**6. And, finally, as a result of the reliance upon the truth of the representation, the plaintiff must have sustained damage.** *Affirmative.* Katz was obviously harmed by the final transaction as described above in the FOURTH and FIFTH CAUSES OF ACTION.

http://www.west.net/~smith/deceit.ht

## SEVENTH CAUSE OF ACTION

### [PRELIMINARY INJUNCTION]

55. To obtain a preliminary injunction, the moving party must demonstrate:

(1) A substantial likelihood of success on the merits;
(2) A substantial threat of irreparable injury if the injunction is not granted;
(3) The threatened injury to the movant outweighs the damage to the opposing party; and
(4) Granting the injunction would not be adverse to the public interest. Four Seasons Hotels & Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003).

56. First, Katz has a substantial likelihood of success on the merits.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of

14

disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). To succeed on his ADA claim, Katz would need to prove that:

(1) He is disabled,
(2) NBME/FSMB is a private entity which owns, leases or operates a place of public accommodation;
(3) NBME/FSMB failed to make reasonable modifications in its policies, practices, or procedures to accommodate Katz's disability without fundamentally altering the nature of the public accommodation. See 42 U.S.C. § 12182(a);

57. Under the ADA, the term "disability" means, with respect to an individual, "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; [5](B) a record of such an impairment; or (C) being regarded as having such an impairment" as described in 42 U.S.C. § 12102(3). 42 U.S.C. § 12102(1).

Katz satisfies criteria for A, B, and C as stated above.

58. Katz satisfies:

(1) Criteria one above. Katz has impairment of a major life activity substantially limiting him, he has difficulty thinking, concentrating, and reading. He had the same difficulties back in 2005-2006 when he applied for exam accommodation to NBME Disability Services. He suffers from bipolar disorder. Bipolar disorder often appears in the late teens or early adult years. At least half of all cases start before age 25. Some people have their first symptoms during childhood, while others may develop symptoms late in life.

---

Kessler RC, Berglund P, Demler O, Jin R, Merikangas KR, Walters EE. Lifetime prevalence and age-of-onset distributions of DSM-IV disorders in the National Comorbidity Survey Replication. Arch Gen Psychiatry. 2005 Jun;62(6):593–602

(2) Criteria two as stated above does not appear to be in dispute in this case.

(3) Katz satisfies Criteria three as stated above. He provided sufficient documentation to NBME in 2005-2006 to demonstrate that he is a person with a disability. A telephone conversation with Nabina Sinha Trial Attorney for the DOJ on July 23rd 2015 at 10:30 AM stated; based on the Department's review of his documentation from 2005-2006 and current, that he "is covered under the ADA." Mr. Doane Compliance Officer for Disability Services in 2005-2006 made a false statement as Katz's documentation in 2005-2006 was never evaluated by EXPERTS in the fields of Learning Disability and Mental Disorders. Also, "The Six Attempt Limit Rule" is a violation to individuals with documented disabilities under the ADA based on the following precedent Doe v. Samuel Merritt University, 921 F. Supp. 2d. 958 (N.D. Cal. 2013).

59. Second, Katz has shown that he faces a substantial threat of irreparable injury because granting such an injunction would allow Katz to take the USMLE while his knowledge of the subject matter remains relatively fresh. His last attempt on USMLE Step I was November 12, 2013 he failed by six points, the attempt before last was November 2, 2012 he failed by three points (see Document 1-6 filed

15

06/17/15 Pgs. 1-2/7). The fact that Katz is on the cusp of passing without accommodations speaks volumes of what he is likely to achieve if his disability was accounted for and the playing field levelled. It is quite feasible that Katz could achieve very high scores on the USMLE exams due to the fact that he has reached near passing scores while carrying the burden of his disability. *Lastly, if Katz is not granted future attempts at the USMLE exams with accommodations he will be in financial ruin because of the failure to meet the commitment of his medical educational loans.*

60. Third, the threat of harm to Katz outweighs the damage to the opposing party. Katz's request for extended exam time for the USMLE Exams is a reasonable accommodation under the ADA. His request to modify the 'Six Attempt Limit Rule' is a reasonable accommodation and does not substantially compromise USMLE standards.

61. Fourth, preliminary injunction would not harm the public interest especially in light of the DOJ's involvement and investigation into this case.

62. Because Richard Katz has carried the burden on all four elements the balance of equities tips in his favor. He respectfully requests this Honorable Court to grant Motion for Preliminary Injunction adopting his arguments.

## EIGHTH CAUSE OF ACTION

### [DISCRIMINATION PURSUANT TO
### § 504 OF THE REHABILITATION ACT OF 1973]

63. Section 504 of the Rehabilitation Act specifically prohibits discrimination against individuals with disabilities in programs receiving federal funds. Both NBME and FSMB are recipients of Federal Funds. Section 504 covers individuals who have physical or mental impairments that are substantially limited by one or more major life activities, have a record of such impairments, or are regarded as having such impairments. Richard Katz satisfies all three criteria due to his disability (bipolar disorder).

64. NBME/FSMB violated Katz's rights under § 504 by refusing to accommodate his disability, and by barring him from registering for USMLE Step I because of their 'Six Attempt Limit Rule.'

§ 504 of the Rehabilitation Act provides:

**"No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."**
Section 504, 29 U.S.C. §794

16

65. Katz exhausted all administrative remedies prior to filing this suit, he clearly asked defendants to accommodate his disabilities in his April 1st 2014 Appeal (see Documents 1-2 Pages 1-29). He needed extra time during his medical licensing exams because his disability prevented him from processing all of the exam questions in the time permitted under regular exam conditions. This request was denied on April 17, 2014 by the office of the USMLE Secretariat (Document 1-4 Page 1). Katz responded with a second Appeal of the April 17, 2014 denial on April 20, 2014 to NBME Disability Services regarding the injustice of 'The Six Attempt Limit Rule' for people with disabilities. Compliance Officer for NBME Disability Services Catherine Farmer never responded to Katz's second Appeal (see Documents 1-4 Pages 2-4).

66. The Rehabilitation Act requires defendants to grant Katz's requests to waive 'The Six Attempt Limit Rule' and to provide double time and a separate testing area for him to take his examinations. It also requires defendants to provide Katz additional time (double time) for his USMLE Step 2 CS exam Patient Encounter and double time for writing his Patient Note. (See EXHIBIT 10 Proof of Federal Funding)

67. Remedies for violations of § 504 of the Rehabilitation Act include declaratory judgments, injunctions (including preliminary injunctions and temporary restraining orders, where appropriate), costs, and attorney fees at market rates. Money damages may also be available[1].

---

[1] See, e.g., Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998).

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectively prays that this Honorable Court enter judgment granting plaintiff:

## ON ALL CAUSES OF ACTION:

68. For general and special damages according to proof;

69. For attorneys' fees and costs incurred;

70. For an adequate and sufficient sum to indemnify Plaintiff from any and all losses or liabilities, attorneys' fees, experts' fees, or any other damages arising from Defendants' actions;

17

71. A declaration that the acts and omissions described herein violated plaintiffs' right under the Constitution and laws of the United States of America.

72. A preliminary and permanent injunction ordering defendants to overturn Six Attempt Limit Rule and allow plaintiff to register for USMLE Step 1, Step 2 (CK and CS) and Step 3 with Exam accommodations (double exam time) on all USMLE exams under the ADA ADAAA and Rehabilitation Act, as well as a separate room in which to complete the exams.

73. Plaintiff requests from this Court that all of his previous attempts on USMLE Step 1, Step 2 CS and CK be wiped clean from the record. These attempts occurred without any form of exam accommodations, during regular exam conditions, and as a result the playing field was not levelled based on plaintiffs' disability pursuant to Title III of the ADA.

74. Compensatory damages against defendants, jointly and severely based on what this Honorable Court finds fair and equitable based on DOJ guidelines.

75. Punitive damages against Defendants severely based on what this Honorable Court finds fair and equitable based on DOJ guidelines.

76. A jury Trial on all issues triable by Jury

77. Plaintiff's Costs for registering for all USMLE Steps without the proper exam accommodations needed for his disability since February 1st 2006 totaling $8,660.00.

78. Any additional relief this court deems, just, proper, and equitable.

Respectfully submitted,

Richard Katz
3364 Parker Lane
East Stroudsburg, PA
18301
pro se

/s/ Richard Katz_____
Richard Katz

18

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Second Amended Complaint has been served upon:

Michael Sacks
Hamburg & Golden, P.C.
1601 Market Street Suite 3310
Philadelphia PA 19103-1443

Date: November 13, 2015

/s/ Richard Katz
Richard Katz

19

PRESS FIRMLY TO SEAL


1005


18501

U.S. PAID
EAST STROUDSBURG, PA
18301
NOV 13 15
AMOUNT
**$5.75**
R2304N118528-02

Richard Katz
3364 Parker Lane
East Stroudsburg, PA
18301

RECEIVED
SCRANTON

NOV 17 2015

DEPUTY CLERK

**TO:**

The Middle District of Pennsylvania
William J. Nealon Federal Bldg. & US
Courthouse

**ATT: CLERK OF COURT**
US DISTRICT COURT
PO Box 1148

235 N. Washington Avenue
Scranton, PA 18501-1148

## VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments.

1 Scv1187

FILED
SCRANTON

NOV 1 7 2015

PER _____ [signature]
DEPUTY CLERK

# EXHIBIT 6

PATRICK J. TOOMEY
PENNSYLVANIA

COMMITTEES:
FINANCE
BANKING, HOUSING, AND
URBAN AFFAIRS
BUDGET

# United States Senate
WASHINGTON, DC 20510

October 26, 2015

Richard Katz
3364 Parker Ln
East Stroudsburg, PA, 18301-8737

Dear Mr. Katz,

Thank you for contacting my office regarding your inquiry with the Department of Justice. I
contacted the appropriate officials and received the enclosed response.

According to the response, you have been in contact with officials at the Department of
Justice. I suggest that you continue to work directly with them to find a resolution to your
inquiry. If you find yourself having issues hearing back from the Department of Justice, please
contact my office and we will be happy to assist you.

If you have any questions, please contact my Constituent Advocate Magdalena
Jagla. Magdalena can be reached by phone at (610) 434-1444, by email at
Magdalena_Jagla@toomey.senate.gov, by fax at (610) 434-1844 or by mailing address at 1150
S. Cedar Crest Blvd., Suite 101, Allentown, PA 18103.

Sincerely,

Pat Toomey
U.S. Senator

U.S. Department of Justice    OCT 22 2015

Civil Rights Division

*Office of the Assistant Attorney General*                    *Washington, D.C. 20530*

The Honorable Patrick Toomey
United States Senate
1150 S. Cedar Crest Blvd
Suite 101
Allentown, PA  18103

OCT 14 2015

Dear Senator Toomey:

This responds to your email to the Office of Legal Affairs dated June 29, 2015, regarding your constituent, Mr. Richard Katz.  We apologize for our delay in responding to your email.  Mr. Katz is a person with a disability and he alleges that a private testing entity, the National Board of Medical Examiners (NBME), violated the Americans with Disabilities Act (ADA) when it refused to grant him his requested testing accommodations for the United States Medical Licensing Examination (USMLE).  You previously contacted the Department of Justice (the Department) regarding this matter and you now request an update.

The Disability Rights Section of the Civil Rights Division enforces the ADA.  Title III of the ADA protects individuals with disabilities from discrimination by private testing entities, such as NBME.  Specifically, the ADA implementing regulations require that private testing entities administer examinations to people with disabilities "so as to best ensure that...the examination results accurately reflect the individual's aptitude or achievement level...rather than reflecting the individual's [disability]".  28 C.F.R. § 36.309.  More information on the ADA is available on the Department's ADA Home Page at http://www.ada.gov.

Since this office's last communication with you (attached), Section staff have opened an investigation of Mr. Katz's complaint.  Staff have collected additional information from him and are currently monitoring the progress of Mr. Katz's private lawsuit against NBME.  As a result, Mr. Katz is in regular contact with Section staff.

The Honorable Patrick Toomey
Page Two

    We hope this information is helpful to you.  Please do not hesitate to contact the
Department if we can be of assistance in this or any other matter.

                    Sincerely,

# EXHIBIT 7

Misleading Conduct
Katz v. NBME/FSMB
Case No. 3:15-cv-01187

# EXHIBIT 7



## Abram Doane

Coordinator, Office for Academic Success at Salus University

Greater Philadelphia Area | Higher Education

| | |
|---|---|
| Previous | J.A. Doane Consulting / Student Support Services, National Board of Medical Examiners, Temple University |
| Education | Washington University in St. Louis School of Law |

**263**
connections

**Send Abram InMail** ▼

 https://www.linkedin.com/in/jadoane

🗂 Contact Info

**Background**

 Summary

Check back....I'm updating...

Specialties: Coaching adults with ADD, their partners, and families. Trained in adult ADD, LD and related challenges. Experienced with the effects of ADD in post-secondary education, medical and law schools and certification/licensure, as well as law and medical practice. Experienced teacher and speaker. Trained mediator.

Psychoeducational assessment, disability services consultation, and advocate for individuals with disabilities.

📄 Experience

**Coordinator, Office for Academic Success**
Salus University
August 2015 – Present (3 months) | Elkins Park, PA

ADA and Rehab Act compliance, accessibility services; advocacy, universal design promotion

**Coach, Disability Services Consultant, Advocate, Mediator**
J.A. Doane Consulting / Student Support Services
August 2007 – August 2015 (8 years 1 month) | United States

Enlightened professional support for young adults and adults with ADD/ADHD, their partners and families. Providing individual and group coaching, conversation facilitation, Psychoeducational assessment, advocacy for individuals with disabilities and conflict mediation. Services offered in-person, via phone, and online.

**Consultant, Office of the General Counsel**
National Board of Medical Examiners
July 2006 – July 2008 (2 years 1 month) | Greater Philadelphia Area

Consultant for general counsel regarding ADA compliance and disability-related matters



**Adjunct Faculty, Institute on Disabilities**
Temple University
September 2006 – June 2008 (1 year 10 months) | Greater Philadelphia Area

**Manager, Disability Services/ADA Compliance Officer**
National Board of Medical Examiners
July 2003 – July 2006 (3 years 1 month) | Greater Philadelphia Area



• Reviewed documentation and reports in support of student requests for services. Decision-maker for accommodations for NBME testing programs and state medical licensing boards. Developed and implemented non-standard computer-based and clinical skills examinations
• Reorganized unit to improve professionalism and efficiency. Designed and implemented information processing confidential system in collaboration with technical staff. Trained staff in use
• Supervised professionals, support staff, and external consultants. Formulated policies and procedures, annual budget and best practices. Managed escalated, highly sensitive, and high profile cases in conjunction with general counsel and contracted law firms. Advised senior management regarding ADA compliance
• Represented NBME at professional conferences. Presented seminars at national, state, and local events

# EXHIBIT 8

Misleading Conduct                Katz v. NBME/FSMB                Case No. 3:15-cv-01187

## COMPLIANCE OFFICER







## MISLEADING CONDUCT

## Example:

Any of the above Disability Applicants depicted in the above illustration can be potential *TARGETS* of the Compliance Officer.

"Neither must the target be scheduled to testify at the time of the offense nor must he or she actually give testimony at a later time. It is only necessary that there is a possibility that the target of the defendant's activities be called on to testify in an official proceeding."

-The Court of Appeals.

If a defendant lies to a Target hoping the Target will believe his story, this is misleading conduct.

Any act interfering with administration of justice constitutes obstruction. *No official proceeding needs to be pending.* This law applies to all businesses.

For instance, let's say that the Compliance Officer in a written denial letter to the Disability Applicant states that his/her records have been reviewed by "EXPERTS" in the fields of learning disabilities and mental disorders and do not qualify for exam accommodations because his/her disability does not substantially limit them in a *major life activity*. If the disability candidates' file is never reviewed by such experts does this constitute misleading conduct?

The Compliance Officer misleads the Disability Applicant expecting that he/she will believe his story as true and move on without the much needed accommodation that he/she required for success. The Compliance Officer knows that the Disability Applicant will likely never get to see his/her reviews by the "Experts" in the field of Learning Disorders and Mental Disabilities that were supposedly consulted, as this is not available and never made available to the Applicant. This is unless his/her case happens to appear in front of a Court of law and these reports are obtained. In essence the Disability Applicant falls victim to the falsification of a record and as a result never obtains the justice that he/she required or deserved for success and individual career goals are never achieved.

Obstruction of Justice is a broad concept that extends to any effort to prevent the execution of lawful process or the administration of justice in either criminal or *civil matters.*

In the November 2011 United States Government Accountability Office (GAO) Report to Congressional Requesters entitled: **HIGHER EDUCATION AND DISABILITY Improved**

Misleading Conduct                Katz v. NBME/FSMB                        Case No. 3:15-cv-01187

**Federal Enforcement Needed to Better Protect Students' Rights to Testing
Accommodations** GAO states:

"Since we found testing companies believe their practices are already in compliance with the
new regulatory requirements, it is unclear whether these changes will better protect the rights of
students with disabilities. **In order to ensure individuals with disabilities have equal
opportunity to pursue their education and career goals, it is imperative for Justice (DOJ) to
establish a credible enforcement presence to detect, correct, and prevent violations.**"

This report goes on to say:

"Given the critical role that standardized tests play in making decisions on higher education
admissions, licensure, and job placement, federal laws require that individuals with disabilities
are able to access these tests in a manner that allows them to accurately demonstrate their skill
level. **Test takers and disability advocates continue to raise questions about whether testing
companies are complying with the law in making their determinations.**"

---

*References:*

1. http://www.armstrongteasdale.com/ClientAlerts/GoodLivingUnderTheNewObstructionOfJusticeLaw-may04.pdf

2. http://www.nytimes.com/1999/01/16/us/the-trial-of-the-president-applying-witness-tampering-in-civil-cases.html

3. http://www.wholechildeducation.org/blog/self-selecting-real-world-learning-communities

4. http://www.gao.gov/assets/590/587367.pdf

5. 329 U.S.C. § 794.

6. 442 U.S.C. § 12189. Section 309 is found in Title III of the ADA.

# EXHIBIT 10

## PROOF OF

## FEDERAL FUNDING

EXHIBIT PROOF OF FEDERAL FUNDING

Katz v. NBME/FSMB

Case No. **3:15-cv-01187**

## Proof of Federal Funding NBME:

www.usaspending.gov/Pages/AdvancedSearch.aspx?k=national%20board%20of%20medic
al%20examiners

Filters: national board of medical examiners; O, G, L, O; FY 2016, FY 2015, FY 2014, FY 2013, FY 2012, FY 2011, FY 2010, FY 2009, FY 2008

| Total Number of Transactions | Total Prime Recipient Transaction Amount | Total Sub-Award Transaction Amount |
|---|---|---|
| **29** | **$639,012** | **$0** |

| 29 Contracts | 0 Grants | 0 Loans | 0 Other Financial Assistance |
|---|---|---|---|

## SEARCH RESULTS

1 to 29 of 29 transactions.

Download Results

| Recipient ≑ | Award ID ≑ | Award Amount ≑ | Award Date ≑ | Award Type ≑ | Awarding Agency ≑ | Funding Agency ≑ | Role ≑ |
|---|---|---|---|---|---|---|---|
| AXIOM RESOURCE MANAGEMENT INCORPORATED | DTMC2601000013 | $0 | 09/11/2009 | Contracts | Department of Transportation | Department of Transportation | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HT94104110V321 | $72,375 | 05/02/2013 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | N7640411A0513 | $10,320 | 12/05/2012 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001170AV515 | $5,370 | 12/23/2009 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU00011711VV173 | $13,650 | 04/03/2010 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU00011110V517 | $70,610 | 07/11/2014 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001130AV503 | $7,093 | 11/24/2009 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | VA74114P2005 | $190,005 | 11/27/2013 | Contracts | Department of Veterans Affairs | Department of Veterans Affairs | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001110VV313 | $0 | 04/28/2011 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001110V5101 | $37,634 | 09/01/2011 | Contracts | Department of Veterans Affairs | Department of Veterans Affairs | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | VA74114P0003 | $0 | 12/01/2014 | Contracts | Department of Veterans Affairs | Department of Veterans Affairs | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001111AV577 | $5,001 | 04/14/2011 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001110VV313 | $9,000 | 04/20/2011 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001110VV253 | $7,090 | 01/09/2011 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001110V553 | $7,450 | 12/22/2010 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001111V517 | $1,330 | 02/24/2011 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001110V563 | $7,450 | 04/07/2011 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001111AV589 | $7,450 | 04/07/2011 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001080AV225 | $5,200 | 08/05/2008 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001080V147 | $65,350 | 05/30/2008 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001092AV204 | $6,720 | 11/07/2008 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001090AV249 | $6,170 | 11/05/2008 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001062VV643 | $13,440 | 02/11/2009 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HT9404121NV64 | $71,605 | 05/11/2012 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001121NV457 | $7,700 | 11/21/2011 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HT9404121V0271 | $10,050 | 04/20/2012 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU0001130V533 | $4,750 | 12/23/2014 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU00011320V503 | $10,253 | 12/17/2014 | Contracts | Department of Defense | Department of Defense | Prime |
| NATIONAL BOARD OF MEDICAL EXAMINERS INC | HU00011140V542 | $21,000 | 12/09/2013 | Contracts | Department of Defense | Department of Defense | Prime |

EXHIBIT PROOF OF FEDERAL FUNDING                              Katz v. NBME/FSMB

Case No. **3:15-cv-01187**

**www.usaspending.gov/transparency/Pages/RecipientProfile.aspx?DUNSNumber=06184032
8&FiscalYear=2015**



EXHIBIT PROOF OF FEDERAL FUNDING                                    Katz v. NBME/FSMB

Case No. 3:15-cv-01187



EXHIBIT PROOF OF FEDERAL FUNDING                           Katz v. NBME/FSMB

Case No. 3:15-cv-01187

PRIME AWARD DATA

### PRIME AWARDS BY SPENDING TYPE



■ Contracts

Text View of Prime Awards By Spending Type

### PRIME'S SUB-AWARDEES

No Data Found

### TOP PRODUCTS OR SERVICES

| | |
|---|---|
| 1. Education Services | $19,250 |
| 2. Personnel Testing | $4,756 |
| 3. Other Education and Training Services | $0 |

Text View and More Details on Top Products/Services

### AWARDING AGENCIES

| | |
|---|---|
| 1. Department of Defense | $24,006 |
| 2. Department of Veterans Affairs | $0 |

Text View and More Details on Awarding Agencies

### TOP PROGRAMS

No Data Found

### AWARDS BY STATES



| | |
|---|---|
| 1. Pennsylvania | $19,250 |
| 2. Maryland | $4,756 |

Text View and More Details on Awards by States

EXHIBIT PROOF OF FEDERAL FUNDING                    Katz v. NBME/FSMB

Case No. 3:15-cv-01187


**Proof of Federal Funding FSMB:**


**www.usaspending.gov/Pages/AdvancedSearch.aspx?k=Federation%20of%20State%20Medical%20Boards**



EXHIBIT PROOF OF FEDERAL FUNDING                    Katz v. NBME/FSMB

Case No. 3:15-cv-01187


www.usaspending.gov/transparency/Pages/RecipientProfile.aspx?DUNSNumber=051010890&F
iscalYear=2015

EXHIBIT PROOF OF FEDERAL FUNDING                                    Katz v. NBME/FSMB

Case No. 3:15-cv-01187



EXHIBIT PROOF OF FEDERAL FUNDING                                      Katz v. NBME/FSMB

Case No. 3:15-cv-01187

---

PRIME AWARD DATA

## PRIME AWARDS BY SPENDING TYPE



Contracts   Grants

Text View of Prime Awards By Spending Type

## PRIME'S SUB-AWARDEES

No Data Found

## TOP PRODUCTS OR SERVICES

1. Other Professional Services                $79,700

Text View and More Details on Top Products/Services

## AWARDING AGENCIES



| 1. Department of Health and Human Services | $198,252 |
| 2. Department of Veterans Affairs | $79,700 |

Text View and More Details on Awarding Agencies

## TOP PROGRAMS



1. Telehealth Programs                        $198,252

Text View of Top Programs

## AWARDS BY STATES



| 1. Texas | $198,252 |
| 2. District of Columbia | $79,700 |

Text View and More Details on Awards by States

PRESS FIRMLY TO SEAL


1005


18501

U.S. PAID
EAST STROUDSBURG, PA
18301
NOV 13 15
AMOUNT
**$5.75**
R2304N118528-02

Richard Katz
3364 Parker Lane
East Stroudsburg, PA
18301


RECEIVED
SCRANTON

NOV 1 7 2015

DEPUTY CLERK

**TO:**

The Middle District of Pennsylvania
William J. Nealon Federal Bldg. & US
Courthouse

 ATT: CLERK OF COURT
US DISTRICT COURT
PO Box 1148

235 N. Washington Avenue
Scranton, PA 18501-1148

## VISIT US AT USPS.COM®
### ORDER FREE SUPPLIES ONLINE


UNITED STATES
POSTAL SERVICE®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® ship